COMMONWEALTH OF
PENNSYLVANIA,
Appellee,

v.

Shane SZEBIN, Appellant.

Superior Court of Pennsylvania.

Submitted June 25, 2001.
Filed Oct. 12, 2001.

Mark S. Zearfaus, Hollidaysburg, for appellant.

David C. Gorman, Assistant District Attorney, Hollidaysburg, for Commonwealth, appellee.

Before: DEL SOLE, President Judge, McEWEN, President Judge Emeritus, and POPOVICH, J.

POPOVICH, J.

¶ 1 This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Blair County following appellant's conviction for driving under the influence of alcohol. Upon review, we affirm.

¶ 2 The relevant facts and procedural history are as follows. On February 6, 1999, appellant was arrested for driving under the influence of alcohol and careless driving.[1] On August 10, 1999, appellant voluntarily enrolled in the Accelerated Rehabilitative Disposition ("ARD") program. At the same time, appellant pleaded guilty to the summary traffic charge of careless driving. On May 9, 2000, the Commonwealth filed a motion for revocation of the ARD program and requested permission to proceed on the original charges. The Commonwealth initiated the revocation following information received from the Adult Parole and Probation Office that appellant violated his probation by engaging in public drunkenness.

¶ 3 On August 25, 2000, appellant was removed from the ARD program and was placed back onto the Blair County Court of Common Pleas trial list for the DUI charge. On September 22, 2000, appellant filed a motion to dismiss the DUI charge because appellant pleaded guilty to the summary offense at the time he entered the ARD program and contended the pros-

ecution for the DUI violated 18 Pa.C.S. § 110. A hearing followed and appellant's motion was denied by order dated September 25, 2000. Appellant pleaded guilty and was sentenced on the original DUI charge. This appeal followed.

■ ¶ 4 Herein, appellant presents the following issue for our review:

Whether a conviction for a summary traffic offense which is not charged in a separate citation but is charged in the same criminal information as a DUI bars a subsequent prosecution for the DUI arising from the same criminal episode as the traffic summary under Section 110 of the crimes code and the prohibition against double jeopardy?

Appellant's brief, p. 2.

¶ 5 Appellant contends that because he pleaded guilty to careless driving at the time he was admitted into the ARD program, the proceedings on the original DUI following his violation of the terms of the ARD program were barred by the Double Jeopardy Clause and 18 Pa.C.S § 110. We disagree.

■ ¶ 6 The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects an individual against successive punishments and successive prosecutions for the same criminal offense. *Commonwealth v. Hockenbury,* 549 Pa. 527, 701 A.2d 1334 (1997). In *Commonwealth v. Bracalielly,* 540 Pa. 460, 658 A.2d 755 (1995), our Supreme Court explained that Section 110(1)(ii) will only bar the instant prosecutions if: (1) the former prosecutions resulted in an acquittal or in a conviction; (2) the instant prosecutions are based on the same criminal conduct or arose from the same criminal episode as the former prosecutions; (3) the prosecutor was aware of the instant charges be-

---

1. 75 P.S. § 3731(a)(1),(a)(4) and 75 P.S. 3714.

fore the commencement of the trials on the former charges; and (4) the instant charges and the former charges were within the jurisdiction of a single court. *Id.*, *see* 18 Pa.C.S. § 110(1)(ii).

¶ 7 The proceedings against appellant following his violation of the terms of the ARD program do not constitute a successive prosecution. Pursuant to Pa. R.Crim.P. 318, the Commonwealth may proceed to trial if a defendant fails to abide by the conditions of the ARD program. Pa.R.Crim.P. 318 provides, in pertinent part:

**Rule 318. Procedure on Charge of Violation of Conditions**

(A) If the attorney for the Commonwealth files a motion alleging that the defendant during the period of the program has violated a condition thereof, or objects to the defendant's request for an order of discharge, the judge who entered the order for ARD may issue such process as is necessary to bring the defendant before the court.

\* \* \*

(C) When the defendant is brought before the court, the judge shall afford the defendant an opportunity to be heard. If the judge finds that the defendant has committed a violation of a condition of the program, the judge may order, when appropriate, that the program be terminated, and that the attorney for the Commonwealth shall proceed on the charges as provided by law. No appeal shall be allowed from the order.

Pa.R.Crim.P. 318.[2]

¶ 8 The proceedings on the original DUI charge that followed appellant's removal from the ARD program resulted from his violation of a condition of the ARD program. By availing himself of the ARD program as an alternative to trial, appellant agreed to abide by certain terms and conditions. He agreed that failure to abide by the terms and conditions of the program would result in prosecution for the original charge. The lower court found that appellant violated the terms of the ARD program, and therefore, under Rule 318(C), the Commonwealth was permitted to proceed on the original charge.

¶ 9 We note that Pa.R.Crim.P. 315 provides that charges should be held in abeyance for the duration of the program. Consequently, the charge of careless driving should have been brought following the reactivation of the DUI charge. Nevertheless, the fact that it was prematurely prosecuted does not preclude our finding that double jeopardy does not apply to the DUI charge because appellant agreed to waive his rights under Section 110 by acknowledging that failure to abide by the terms of the program would result in the institution of proceedings on the original charge. *See Commonwealth v. Cicconi*, 439 Pa.Super. 81, 653 A.2d 40, 42 (1995) (A defendant may waive his right to consolidation of all charges arising from the same criminal episode by pleading guilty to some but not all of the charges). Thus, we find that the trial court was correct in denying appellant's motion to dismiss, and accordingly, affirm the judgment of sentence.

¶ 10 Judgment of sentence affirmed.

**2.** We note that an appeal from the order terminating his participation in the order is allowed when the reinstated charges are resolved adversely to the defendant and the trial court imposes sentence. *Commonwealth v. Kraft,* 739 A.2d 1063 (Pa.Super.1999).