**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Justin A. SIMMER, Appellant.**

**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Arthur Shaffer, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 1, 2002.
Filed Dec. 23, 2002.

---

**3.** Former Rule 1405, Pennsylvania's speedy sentencing rule, was re-codified as Pa. R.Crim.P. 704 as of April 1, 2001.

Mark A. Turbessi, Warren, for Simmer, appellant.

Thomas J. Bonavita, Warren, for Shaffer, appellant.

Richard A. Hernan, Asst. Dist. atty., Warren, for Com., appellee.

Before: JOYCE, MUSMANNO and CAVANAUGH, JJ.

MUSMANNO, J.:

¶ 1 Appellants Justin Simmer ("Simmer") and Arthur Shaffer ("Shaffer") appeal from the judgments of sentence imposed after they each were convicted of driving under the influence ("DUI").[1] We affirm.

¶ 2 The trial court set forth the following pertinent facts of the case:

[Shaffer] was charged with DUI, Maximum Speed Limits and General Lighting Requirements,[2] and on October 3, 2000, entered the Fast Track ARD Program and pleaded guilty to the summaries. After Shaffer's ARD was revoked on April 17, 2001, his case was listed for trial on the DUI charge. [Simmer] was charged with DUI, Careless Driving, Roadway Laned for Traffic, Minor Prohibited from Operating with Alcohol in System, ... Drivers Required to be Licensed, and Failure to Use Safety Belt System.[3] On April 6, 1999, Simmer entered the ARD program and pleaded guilty to Operating with Alcohol in System and Drivers Required to be Licensed. The Commonwealth nolle prossed three additional summary offenses. Simmer was revoked from the ARD program on November 7, 2000 and his DUI charge was listed for trial.

Both [Shaffer and Simmer] move[d] to dismiss the pending DUI charges against them, contending that their prosecution is barred under 18 Pa.C.S.A.

---

**1.** *See* 75 Pa.C.S.A. §§ 3731(a)(1), 3731(a)(4), 3731(a)(4)(ii).

**2.** *See* 75 Pa.C.S.A. §§ 3731(a)(1), 3731(a)(4)(i), 3362(a)(3), 4303(A).

**3.** *See* 75 Pa.C.S.A. §§ 3731(a)(1)(i), 3731(a)(4)(ii), 3714, 3309(1), 3718(A), 1501(A), 4581(a)(2).

§ 110 and *Commonwealth v. Failor,* [564 Pa. 642,] 770 A.2d 310 [2001].

Trial Court Opinion, 7/31/01, at 1–2. The trial court denied both Motions to Dismiss. Subsequently, the trial court conducted a bench trial in Shaffer's case, and found him guilty of the two counts of DUI with which he was charged. The trial court sentenced Shaffer to two years of intermediate punishment, including thirty days of incarceration, sixty days of house arrest, and twenty-one months of supervised probation. Shaffer then filed a timely appeal of the judgment of sentence.

¶ 3 Similarly, the trial court conducted a bench trial in Simmer's case, and found Simmer guilty of the two counts of DUI with which he was charged. The trial court sentenced Simmer to two years of intermediate punishment, including thirty days of incarceration, fifty days of house arrest, and twenty-one months of supervised probation. Simmer filed a timely appeal from the judgment of sentence.

¶ 4 On appeal, Shaffer and Simmer each raise the following issues:

1. Whether, despite entering the ARD–DUI program, Shaffer and Simmer nevertheless preserved their right to assert mandatory joinder of offenses under section 110 of the Pennsylvania Crimes Code?

2. Whether the Pennsylvania Supreme Court's holding in *Commonwealth v. Failor,* 564 Pa. 642, 770 A.2d 310 (2001), applies in the present case and requires that the DUI prosecutions against Shaffer and Simmer be dismissed?

3. Whether 18 Pa.C.S.A. § 110 bars the misdemeanor DUI prosecutions of Shaffer and Simmer when they each previously pled guilty to summary offenses arising out of the same incidents?

*See* Briefs of Appellants, at 2.

¶ 5 Shaffer and Simmer first contend that, by entering the ARD–DUI program, they did not waive their right to raise section 110 as a bar to the instant DUI prosecutions. Section 110 provides in pertinent part that a prosecution will be barred by a former prosecution, based on a different statute or different facts, under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction . . . and the subsequent prosecution is for:

. . .

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense . . . .

18 Pa.C.S.A. § 110(1)(ii). Section 110(1)(ii) has been held to set forth the following four-prong test for determining whether a prosecution is barred: (1) the former prosecution resulted in an acquittal or a conviction; (2) the current prosecution is based on the same criminal conduct or arose from the same criminal episode; (3) the prosecutor is aware of the current charges before the commencement of the trial of the former charges; and (4) the current charges and the former charges are within the jurisdiction of a single court. *Failor,* 564 Pa. at 648, 770 A.2d at 313. Our standard of review of issues concerning section 110 is plenary. *Commonwealth v. Peifer,* 730 A.2d 489 (Pa.Super.1999).

¶ 6 Shaffer and Simmer assert that they did not waive their respective rights to assert section 110 after their dismissal from the ARD program because neither of them requested that their respective charges be separated and never demanded trial on any of the charges. This Court previously addressed the same issue in

*Commonwealth v. Szebin*, 785 A.2d 103 (Pa.Super.2001). In that case, the defendant, Szebin, was arrested for DUI, a misdemeanor charge, and careless driving, a summary offense. *Id.* at 104. Szebin voluntarily enrolled in the ARD program with regard to the DUI offense and pled guilty to the summary charge. *Id.* Nine months later, the Commonwealth moved the court to revoke Szebin's participation in ARD due to a violation of his probation. *Id.*

¶ 7 The trial court granted the Commonwealth's motion and placed the DUI charge against Szebin on the trial list. Szebin then filed a motion to dismiss the DUI charge based on section 110. The trial court denied the motion, after which Szebin pled guilty and was sentenced. *Id.*

¶ 8 On appeal, a panel of this Court affirmed the judgment of sentence. *Id.* at 105. The Court held that the DUI proceedings against Szebin following the revocation of ARD did not constitute a "successive prosecution" for purposes of section 110. *Id.* at 104. Further, the Court held that Szebin *"agreed to waive his rights under Section 110* by acknowledging that failure to abide by the terms of the program would result in the institution of proceedings on the original charge." *Id.* at 105 (emphasis added).

¶ 9 The facts of the present case are indistinguishable from *Szebin.* In the present case, as in *Szebin,* Shaffer and Simmer each acknowledged that if he did not successfully complete the ARD program, he would be "prosecuted on the [DUI] charge as if not placed in the program." *See* Order(s) for Accelerated Rehabilitative Disposition Program, 4/9/99 (Simmer), 10/9/2000 (Shaffer); N.T., 4/6/99, at 4–5 (Simmer); N.T., 10/3/2002, at 2 (Shaffer). Further, both *Szebin* and the present case involved a plea of guilty to a summary offense and entry into an ARD program with regard to a DUI misdemeanor offense.

¶ 10 Based on the reasoning of the Court in *Szebin,* we hold that a defendant's voluntary entry into an ARD program, with respect to a charge of DUI, constitutes a waiver of the defendant's right to later assert section 110 as a bar to prosecution of the DUI offense, upon the defendant's removal from the ARD program. Consequently, we conclude that Shaffer and Simmer waived their rights to assert section 110 in the present prosecutions of their DUI offenses.

¶ 11 We note that Shaffer and Simmer have asserted that the decision of the Pennsylvania Supreme Court in *Failor,* 564 Pa. at 642, 770 A.2d at 310, requires that the instant DUI prosecutions be dismissed. We disagree. In *Failor,* the Pennsylvania Supreme Court held that the defendants therein did not waive their rights, pursuant to section 110, to move for dismissal of the charges of driving while their licenses were suspended, by previously pleading guilty to other summary offenses arising from the same incidents. *Failor,* 564 Pa. at 648, 770 A.2d at 313. The Court held that "[m]ere silence by the defendant is insufficient to find that a defendant has affirmatively acted to block consolidation [of charges] and therefore, waived a claim under Section 110." *Id.* at 651, 770 A.2d at 315.

¶ 12 We find *Failor* clearly distinguishable from the present case. In *Failor,* the defendants were charged only with summary offenses (*i.e.,* driving while license suspended, 75 Pa.C.S.A. § 1543, and speeding, 75 Pa.C.S.A. § 3362). Thus, the charges in *Failor* fell within the fourth requirement for application of section 110, *i.e.,* that the current and former charges be within the jurisdiction of the same court. *See Failor,* 564 Pa. at 648, 770 A.2d at 313. In this case, the charges do not

fall with the jurisdiction of the same court because the charges against Shaffer and Simmer included both summary offenses (within the jurisdiction of the district justice), and misdemeanor DUI charges (within the jurisdiction of the Common Pleas Court). *See Commonwealth v. Beatty*, 500 Pa. 284, 290 & n. 3, 455 A.2d 1194, 1198 & n. 3 (holding that charges of aggravated assault and failure to identify oneself at the scene of an accident did not fall within the jurisdiction of the same court for purposes of section 110).

¶ 13 In addition, in *Failor*, the defendants were not admitted to an ARD program. Thus, the specific issue of whether voluntary entry into an ARD program waives a defendant's rights to later assert section 110 as a bar to a subsequent prosecution based on the same incident, was not before the Pennsylvania Supreme Court in *Failor*. Accordingly, we conclude that the Pennsylvania Supreme Court's holding in *Failor* is not applicable in the present case.

¶ 14 Because we find no merit to the issues raised on appeal, we affirm the judgments of sentence imposed in these DUI prosecutions.

¶ 15 Judgments of sentence affirmed.