COMMONWEALTH of Pennsylvania,
Appellee

v.

John PRIES, Appellant.

Superior Court of Pennsylvania.

Argued June 22, 2004.

Filed Oct. 29, 2004.

David M. McGlaughlin, Philadelphia, for appellant.

Stephen B. Harris, Asst. Dist. Atty., Warrington, for the Com., appellee.

Before: HUDOCK, ORIE MELVIN and MONTEMURO *, JJ.

HUDOCK, J.:

¶ 1 This is an appeal as of right from an interlocutory order denying a motion to dismiss certain charges on double jeopardy grounds. Such an order is interlocutory but immediately appealable. *Commonwealth v. Bracalielly*, 540 Pa. 460, 469, 658 A.2d 755, 759–60 (1995). We affirm.

¶ 2 In the early morning hours of November 2, 2002, Appellant became embroiled in a bar fight in Upper Southampton Township, Bucks County. That same morning, a police officer stopped Appellant in Warminster Township, also in Bucks County, on suspicion of driving while under the influence (DUI). Appellant was arrested and charged at No. 2003–0714 with DUI and the summary offense of failing to obey the law pertaining to driving on roadways laned for traffic.[1] While Appellant was in custody for the DUI, the Warminster Township police learned that he was wanted in Upper Southampton Township. Thereafter, Appellant was charged separately with simple assault and other offenses related to the bar fight.

¶ 3 On April 4, 2003, Appellant was placed on Accelerated Rehabilitative Disposition (ARD) for the DUI related offenses despite the fact that the charges related to the bar fight remained unresolved. In part, the decision to grant ARD to Appellant was based on representations by counsel that the charges stemming from the bar fight would be reduced to summary offenses. Thus, according to counsel's representations, Appellant was eligible to be considered for ARD. *See* Affidavit of Facts (by David M. McGlaughlin, Esquire) (describing letter of March 5, 2003, sent by counsel to the District Attorney's Office for Bucks County).[2]

¶ 4 The charges related to the bar fight were not reduced to summary offenses as Appellant had hoped. On June 3, 2003, a judge sitting without a jury found Appellant guilty of simple assault, recklessly endangering another person and disorderly conduct. The trial court immediately sentenced Appellant to serve eighteen months of probation. Appellant did not file any appeal from these convictions. Thereafter, the Commonwealth revoked Appellant's ARD status and scheduled the DUI-related charges for trial.

¶ 5 Appellant did not file any written pre-trial motions concerning the DUI-related charges. However, counsel did write a letter to the District Attorney of Bucks County requesting Appellant's reinstatement to the ARD program even though he had been convicted of a criminal offense graded as either a felony or misdemeanor (*i.e.*, simple assault graded as a misdemeanor). *See* Letter, 10/7/03. The case was called for trial on October 24, 2003. At that time, Appellant requested a continuance so a written motion to dismiss on double jeopardy grounds could be filed. The trial court declined to grant a continuance but permitted counsel to present an

---

* Retired Justice assigned to Superior Court.

1. 35 Pa.C.S.A. §§ 3731(a)(1), (2), (3) and (4), and 3309(1), respectively.

2. The certified record contains no copy of the letter of March 5, 2003, although one has been placed in the reproduced record. Appellate courts may consider only documents in the certified record. *Commonwealth v. Bra-*

*calielly*, 540 Pa. 460, 475, 658 A.2d 755, 763 (1995). An item does not become part of the certified record by copying it as part of the reproduced record. *Id.* Nevertheless, both Appellant and the Commonwealth agree that such a letter was sent. Counsel's affidavit describing the letter has been incorporated within the certified record, and we rely on that evidence.

oral motion to dismiss. The trial court denied the double jeopardy motion, but stayed trial so that Appellant could file an interlocutory appeal. Appellant presents two issues:

> I. Did the trial court err in not granting a continuance to afford [Appellant] time to file written pre-trial motions, a violation of his state and federal procedure due process rights[?]
>
> II. Did the trial court err in denying an oral motion to dismiss pursuant to 18 Pa.C.S.A. § 110, where the [C]ommonwealth brought two separate cases out of a single criminal episode[?]

Appellant's Brief at 4.

¶ 6 As an initial matter, we note that Appellant has filed a motion to remand on the grounds that the record is incomplete. However, we find the certified record adequate to permit us to resolve the issues raised on appeal. Therefore, we deny Appellant's motion for remand.

¶ 7 Appellant first contends that the trial court erred by denying his motion for continuance to facilitate filing a written motion to dismiss. The decision of whether to grant or deny a request for a continuance is within the sound discretion of the trial judge. *Commonwealth v. Chambers,* 546 Pa. 370, 387, 685 A.2d 96, 104 (1996). In this context, our Supreme Court has defined "abuse of discretion" as follows:

> An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record, discretion is abused.

*Id.* The refusal to grant a continuance constitutes reversible error only if "prejudice or a palpable and manifest abuse of discretion is demonstrated." *Common-*

*wealth v. Griffin,* 804 A.2d 1, 12 (Pa.Super.2002).

¶ 8 In the present case, the trial court ascertained that Appellant was apprised of the Commonwealth's intention to revoke his ARD status and proceed to trial within a timeframe adequate to have prepared and filed a written double jeopardy motion. Trial Court Opinion, 3/9/04, at 4. The certified record contains a copy of the letter counsel wrote to the District Attorney of Bucks County on October 7, 2003, requesting Appellant's reinstatement to the ARD program. The letter itself indicates counsel's intention to raise the double jeopardy issue prior to trial. Letter, 10/7/03. This letter was dated more than two weeks before the trial date of October 24, 2003. We agree with the trial court that Appellant was afforded ample time in which to file a written pre-trial motion, and we find no abuse of discretion in the trial court's decision to deny a continuance.

¶ 9 We note additionally that the trial court permitted Appellant to present an oral motion on the double jeopardy claim. At the hearing on the oral motion, the trial court was presented with a copy of the ARD agreement signed by Appellant. No copy of this document has been placed in the certified record. However, the agreement and the circumstances surrounding it were discussed on the record. N.T., 10/24/03, at 7–19. We conclude that Appellant was not prejudiced because the trial court adequately protected his rights to procedural due process in this matter. We find neither an abuse of discretion nor any basis on which we could conclude that the trial court committed reversible error.

¶ 10 Appellant next argues that he is entitled to have the DUI-related charges dismissed on double jeopardy grounds. Appellant contends that the bar fight and the driving under the influence of alcohol constitute a single episode. Thus, Appel-

lant argues that, under the Pennsylvania compulsory joinder rule, the Commonwealth should have tried all of the charges together. We disagree. In a recent decision, our Supreme Court has explained that the compulsory joinder rule, set forth at 18 Pa.C.S.A. section 110,[3] bars a subsequent prosecution if all prongs of the following test are met:

> (1) the former prosecution resulted in an acquittal or conviction; (2) the current prosecution was based on the same criminal conduct or arose from the same criminal episode; (3) the prosecutor in the subsequent trial was aware of the charges before the first trial; and (4) all charges were within the same judicial district as the former prosecution.

*Commonwealth v. Nolan,* —— Pa. ——, ——, 855 A.2d 834, 839 (2004). The certified record demonstrates that all of the charges arose in Bucks County. Bucks County comprises a single judicial district, the Seventh District. *See* The Pennsylvania Manual, Vol. 116, at 5–16. The record also shows that the former prosecution, relating to the bar fight, resulted in a conviction. Appellant and the Commonwealth do not dispute the point at which the prosecutor became aware of the second set of charges. Rather, Appellant's argument focuses on whether all of the charges stem from a single criminal episode.

¶ 11 In the seminal case of *Commonwealth v. Hude,* 500 Pa. 482, 458 A.2d 177 (1983), courts were directed to look at the "logical and temporal relationship" between the criminal acts to determine whether they constituted the same "epi-

sode." *Nolan,* —— Pa. at ——, 855 A.2d at 839.

> In *Hude,* both prosecutions contained a substantial duplication of issues of fact and law, which not only forced a defendant to "run the gauntlet" repeated times and confront the "awesome resources of the state" successively, but also sanctioned "an unjustifiable expenditure of judicial resources." *Hude,* at 180, 183.

*Id.* The Supreme Court has expressly warned against interpreting the term "single criminal episode" in a hyper-technical manner that would defeat the purposes of double jeopardy protection. *Id.* Moreover, the Court has cautioned that double jeopardy was never intended to afford a volume discount upon the commission of multiple crimes. *Id.*

¶ 12 The *Nolan* Court acknowledged that *Hude* has led to "numerous contradictory results when applied to varying factual scenarios[.]" *Id.,* —— Pa. at ——, 855 A.2d at 840. However, the Court explained that what must be remembered is the "constant purpose and rationale" of section 110. *Id.* As delineated in *Commonwealth v. Spotz,* 563 Pa. 269, 759 A.2d 1280 (2000), the compulsory joinder rule set forth in section 110 "was designed to serve two distinct policy considerations: (1) to protect a person accused of crimes from governmental harassment by being forced to undergo successive trials for offenses stemming from the same criminal episode, and (2) to ensure judicial economy." *Nolan,* —— Pa. at ——, 855 A.2d at 840. These policy concerns must not be

---

**3.** The previous version of section 110 stated that all offenses had to occur "within the jurisdiction of a single court." 18 Pa.C.S.A. § 110(1)(ii) (amended by 2002, June 28, P.L. 481, No. 82, § 1, effective in 60 days). As indicated above, the 2002 amendment changed the language of section 110 so that it

now requires that all charges must have occurred "within the same judicial district." The events at issue here occurred after the effective date of the amendments, and Appellant's case is governed by the new version of section 110.

interpreted to sanction "volume discounting." *Id.*

¶ 13 In the present case, the two sets of criminal charges do not involve the same facts, the same witnesses or the same elements. Engaging in fisticuffs and committing an assault in one municipality is not the same thing as driving while drunk and demonstrating an inability to remain within a single lane of traffic in a different municipality. It does not matter if the charges occurred on the same night. They do not stem from the same legally cognizable facts. We agree with the trial court's assessment:

> [Appellant] was engaged in a bar fight in Upper Southampton Township. He fled the scene. Upon his departure from the scene, the episode involving assault charges was essentially terminated. [Appellant] proceeded to drive into Warminster Township, wherein he was stopped on suspicion of Driving Under the Influence. The charges, except for being temporally close, had no bearing on each other. One episode closed, a second episode began. The arresting officers were different, the charges were different, the charges were unrelated, the elements of the offenses were not connected, and the District Justices were different. The fact of [Appellant's] continuing course of lawless conduct, did not, by itself, render separate acts into a single episode.

Trial Court Opinion, 3/9/04, at 3–4.

¶ 14 We note, moreover, that Appellant's conduct in this matter appears to constitute the type of "procedural maneuvering" which the *Nolan* Court found to be unacceptable:

> In *Commonwealth v. Cicconi*, 439 Pa.Super. 81, 653 A.2d 40 (Pa.Super.1995), the Superior Court refused to reverse a subsequent trial where the defendant either requested separate trials, or he knowingly acquiesced to separate trials in what appeared to be an advantageous separation. The Superior Court reasoned:
>
> > So long as two prosecutions are pending concurrently, and neither has gone beyond the stage at which joinder would be inappropriate or impermissible, the accused has an adequate remedy for his problem in seeking joinder of the offenses. If the accused does not request that the offenses be joined, it is fair to conclude that he has waived a claim that Section 110 of the Crimes Code has been violated. On the other hand, it is unfair to dismiss charges for serious offenses on the basis of presumed protections which the accused has not lifted a finger to exercise, especially since the accused is often in a better position to know of a potential conflict with Section 110 of the Crimes Code than the Commonwealth.
>
> *Cicconi*, at 43 (quoting *Commonwealth v. Carelli*, 291 Pa.Super. 502, 436 A.2d 228, 232 (Pa.Super.1981)); *see Commonwealth v. Hockenbury*, 446 Pa.Super. 593, 667 A.2d 1135, 1140 n. 7 (Pa.Super.1995) (if accused aware of prosecutions pending in separate jurisdictions, failure to move for consolidation constitutes waiver of Section 110 claim). The *Cicconi* Court refused to sanction the defendant's "procedural maneuvering" and held his later complaint of compulsory joinder was rooted in his "desire to escape [legitimate] prosecution." *Id.*, at 44.

*Nolan*, —— Pa. at ——, 855 A.2d at 840–41.

¶ 15 The *Nolan* Court noted that this Court also rejected "procedural maneuvering" in *Commonwealth v. Gimbara*, 835 A.2d 371 (Pa.Super.2003). In *Gimbara*, the defendant was charged with speeding and driving under a license suspension.

The defendant simultaneously mailed a guilty plea to the charge of speeding, and not guilty to the suspension charge, demanding a jury trial. Prior to this requested trial date, the defendant moved to disqualify the trial on the grounds it contravened § 110, because he already pled guilty to an offense which arose out of the same criminal episode. The Superior Court properly rejected this creative interpretation of the statute, but such case highlights the necessity of looking to the purpose inherent in § 110 and protecting against disingenuous, after-the-fact maneuvering.

*Nolan,* —— Pa. at ——, 855 A.2d at 841.

¶ 16 In the present case, Appellant acquiesced to the separate prosecutions and did not file a motion for consolidation pursuant to section 110. Moreover, he did not maintain "mere silence," he predicated his attempt to gain favorable treatment through the ARD program upon his hopeful belief that the charges stemming from the bar fight would be reduced to summary offenses. On October 7, 2003, counsel acknowledged that he was well aware of the possibility of consolidating the cases, but elected not to call any problem to the attention of the trial court by filing an official motion.

> On November 2, 2002, [Appellant] committed acts for which he was charged with DUI and other relatively minor offenses. This resulted in two separate cases being filed and pursued by your office. While I recognized the section 110 problems of such a bifurcation, when [Appellant] was approved for ARD for his DUI, I was not about to jeopardize that with a motion to dismiss the simple assault case. Moreover, we had a significant defense. In fact, I felt the case was weak enough to justify a belief and hope we could resolve it with a plea to a summary offense, (I had notified your office by letter of the open simple assault when seeking ARD).

Letter from David M. McGlaughlin, Esquire, to District Attorney of Bucks County, 10/7/03.

¶ 17 We cannot fault counsel for trying to arrange matters in the most advantageous fashion possible for Appellant. However, we cannot simply ignore the fact that counsel was aware of what he considered to be a double jeopardy problem and that he elected not to file a motion for consolidation when that could have resolved any possible difficulties. Furthermore, we must agree with the trial court that there is no evidence of record that indicates the Commonwealth acted with an intent to harass Appellant or subject him to successive prosecutions. Trial Court Opinion, 3/9/04, at 4. As the trial court explained:

> [Appellant] was permitted to certify in the ARD Participation Agreement that he did not have any pending prosecutions, because the possibility existed that the misdemeanor charge might only result in summary convictions or in an acquittal. If the Commonwealth had joined the offenses from the outset[,] [Appellant] would have been ineligible for ARD entirely. [Appellant] then came before this Court and argued that the Commonwealth should have joined the simple assault and the DUI into one case under Section 110 after he has already received the potential for benefit under an ARD disposition.

*Id.* at 4–5.

¶ 18 The trial court held that Appellant waived any objection to compulsory joinder by taking an affirmative action to separate the prosecutions pending against him by availing himself of the potential opportunity afforded by participation in the ARD program. *Id.* at 5. We agree with

the trial court's reasoning in this regard. We find no indication that the trial court has committed either an error of law or an abuse of discretion in denying double jeopardy relief to Appellant.

¶ 19 Order affirmed. Motion for remand denied.