J-S10025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT MICHAEL MOORE | |
| Appellant | No. 1535 EDA 2014 |

Appeal from the Judgment of Sentence entered April 16, 2014
In the Court of Common Pleas of Delaware County
Civil Division at No: CP-23-CR-0006642-2007

BEFORE:  GANTMAN, P.J., STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 12, 2015**

Appellant, Robert Michael Moore, appeals from the judgment of sentence imposed on April 16, 2014 in the Court of Common Pleas of Delaware County following revocation of probation stemming from a 2007 conviction for retail theft, 18 Pa.C.S.A. § 3929(a)(1).  According to the brief filed by his counsel pursuant to ***Anders v. California***, 386 U.S. 738 (1969), Appellant contends his sentence should be vacated because the trial court abused its discretion by denying a continuance pending resolution of an active matter that constituted a direct violation of Appellant's probation.[1]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Two indirect violations were also alleged in addition to the direct violation, which was based on a new Philadelphia County case in which Appellant was
*(Footnote Continued Next Page)*

His counsel concurrently filed a petition for leave to withdraw. For the reasons that follow, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

The trial court provided the following procedural background:

On January 8, 2008, [Appellant] entered an open guilty plea to Count 1: retail theft graded a felony of the third degree. [Appellant] received a sentence of 24 months county probation consecutive to time he was serving on a previous transcript, 5729-2006.

On March 26, 2010, [Appellant] had his first Gagnon II[2] hearing. On transcript 5729-2006, [Appellant] was sentenced to his full back time of 542 days with immediate parole. On 6642-2007, [Appellant] was sentenced to 24 months['] county probation consecutive to transcript 5729-2006.

On October 19, 2010, [Appellant] had his second Gagnon II hearing. [Appellant] received two years of county probation consecutive to 5729-2006. On April 3, 2013, [Appellant] had a third Gagnon II hearing. [Appellant] was sentenced to two years county probation consecutive to 5729-2006. On transcript 4291-2011 [Appellant] received his full back time of 508 days in Delaware County Prison with immediate parole.

On April 16, 2014, this [c]ourt held another Gagnon II hearing, which is the subject of this appeal. On transcript 4291-2011, [Appellant] was sentenced to his full back time of 399 days

_(Footnote Continued)_ ——————————

charged with possession of a controlled substance, heroin. Appellant's Brief, at 4; Commonwealth's Brief, at 2.

[2] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973) (holding that "A **Gagnon I** hearing is a pre-revocation hearing to determine if probable cause exists that a violation was committed. After this determination is made, a **Gagnon II** hearing is conducted where the Commonwealth is required to establish that the defendant did violate his parole/probation." **Commonwealth v. Stafford**, 29 A.3d 800, 802 n.1 (Pa. Super. 2011)).

concurrent to the 1-2 years SCI that [Appellant] received on this transcript.

On April 24, 2014, counsel for [Appellant] filed a motion for reconsideration of sentence. This [c]ourt denied the motion via [o]rder on May 1, 2014. On May 15, 2014, [Appellant] filed a notice of appeal on this transcript as well as transcript [4291-2011]. This [c]ourt issued a 1925(b) order on May 16, 2014. On June 6, 2014, counsel for [Appellant] filed a statement of intent to file an **Anders** brief.

Trial Court Opinion, 6/16/14, at 1-2 (footnotes omitted).[3] The trial court explained that further analysis was unnecessary in light of counsel's announced intention to file an **Anders** brief. **Id.** at 2.

On November 20, 2014, counsel filed an **Anders** brief with this Court along with a petition for leave to withdraw and a letter to Appellant advising him, *inter alia*, of the right to retain other counsel or pursue his claims *pro se*. In his **Anders** brief, counsel presents one issue that arguably supports the appeal. Specifically, he questions "[w]hether the sentences should be vacated and the case[] remanded because the [t]rial [c]court abused its discretion by denying the defense a continuance[.]" Appellant's Brief at 3.

Appellant filed a *pro se* response to the **Anders** brief by letter dated December 7, 2014 and docketed on December 10, 2014, complaining that

---

[3] This appeal filed at 1535 EDA 2014 relates to transcript 4291-2011. Appellant has filed a separate appeal at 1563 EDA 2014 relating to transcript 6642-2007. We note the trial court followed the recommendations of Adult Probation and Parole in imposing Appellant's sentences. Trial Court Opinion, 6/16/14, at 2 n.3. Appellant also entered an open guilty plea to retail theft, docketed at transcript 5729-2006, which is not part of the current appeal. **Id.** at 1 n.2.

the only issue he asked counsel to raise on appeal related to calculating his time credit. The Commonwealth filed its brief on December 11, 2014, contending the trial court did not abuse its discretion by denying a continuance to Appellant pending disposition of a new prosecution.

We may not address the merits of Appellant's issue without first reviewing the request to withdraw. *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005). As this Court recognized in *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013), our Supreme Court's decision in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), did not change the procedural requirements for requesting withdrawal from representation under *Anders*.

> Counsel must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Cartrette*, 83 A.2d at 1032 (citing *Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009)).

In the petition to withdraw, counsel explains his conclusion that, based on a thorough review of the case, there are no meritorious issues to be raised on Appellant's behalf and that proceeding with the case would be wholly frivolous. In addition, counsel furnished a copy of the appellate brief to Appellant and advised Appellant of his right to retain new counsel or act on his own behalf to raise additional arguments or points for this Court's

consideration. We conclude counsel has satisfied the procedural requirements set forth in *Anders*.

Having concluded counsel satisfied the procedural requirements of *Anders*, we must ascertain whether the brief satisfied the substantive mandates prescribed in *Anders*, as refined in *Santiago*. In *Santiago*, our Supreme Court announced:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

In his *Anders* brief, counsel has included a statement of the case that includes a procedural history of the case with citations to the record. Appellant's Brief at 4-5. Counsel has satisfied the first requirement.

The second required element of an *Anders* brief is reference to anything in the record that counsel believes arguably supports the appeal. Here, counsel suggests that a request for continuance of a violation hearing, when the direct violation was to be decided on the merits 30 days later, "seems reasonable, prudent and in the interest of judicial economy." *Id.* at 6. Counsel directs our attention to *Commonwealth v. Simmons*, 56 A.3d 1280 (Pa. Super. 2012), *aff'd*, 91 A.3d 102 (Pa. 2014), affirming a trial

court's *sua sponte* grant of a continuance in revocation proceedings in order to secure a victim's testimony. Counsel suggests the same analysis applies to Appellant's case, with a continuance designed to secure better information regarding a direct violation of Appellant's probation. Counsel also recognizes that the trial court's denial of the continuance will not be reversed absent "a palpable and manifest abuse of discretion, or prejudice to the [Appellant]." *Id.* at 7 (citing **Commonwealth v. Pries**, 861 A.2d 951 (Pa. Super. 2004), *appeal denied*, 882 A.2d 478 (Pa. 2005)). Counsel has satisfied the second requirement.

Counsel also has satisfied the third element of **Anders**, stating his conclusion that the appeal is frivolous. Appellant's Brief at 8. Finally, counsel stated his reasons for concluding the appeal is frivolous. Counsel included reference to facts of record and citation to case law holding that a trial court's ruling on a request for continuance is a matter of sound judicial discretion that will not be disturbed absent abuse of discretion. **Pries**, 861 A.2d at 953. Counsel concluded the trial court acted within the bounds of discretion and, therefore, the appeal is frivolous. *Id.* at 7-8. Counsel has satisfied the fourth and final element of the **Anders** test.

Having determined the procedural and substantive requirements of **Anders** are satisfied, we must conduct our own independent review of the record to determine if the issue identified in this appeal is, as counsel asserts, wholly frivolous, or if there are any other meritorious issues present

in this case. *Santiago*, 978 A.2d at 354 (quoting *Anders*, 386 U.S. at 744) ("[T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds, it may grant counsel's request to withdraw.").

Again, the issue raised by Appellant asserts that the trial court abused its discretion by denying a continuance pending resolution of an active matter that constituted a direct violation of Appellant's probation. As this Court explained in *Pries*,

> The decision of whether to grant or deny a request for a continuance is within the sound discretion of the trial judge. *Commonwealth v. Chambers*, 546 Pa. 370, 387, 685 A.2d 96, 104 (1996). In this context, our Supreme Court has defined "abuse of discretion" as follows:
>
> > An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record, discretion is abused.
>
> *Id.* The refusal to grant a continuance constitutes reversible error only if "prejudice or a palpable and manifest abuse of discretion is demonstrated." *Commonwealth v. Griffin*, 804 A.2d 1, 12 (Pa. Super. 2002).

*Pries*, 861 A.2d at 953.

In its brief, the Commonwealth suggests that the purpose of a prompt revocation hearing under Pa.R.Crim.P. 708 is to "prevent the loss of essential witnesses or documentary evidence, and to avoid the continuance of unnecessary incarceration or other limitations of the personal liberty of

the accused." Commonwealth's Brief at 3-4 (citation omitted).[4] The Commonwealth also makes clear that "[i]t is constitutionally permissible for a probation revocation hearing to be held after arrest but before determination of a criminal charge." *Id.* at 4 (citing *Commonwealth v. Kates*, 305 A.2d 701 (Pa. 1973); *Commonwealth v. Infante*, 888 A.2d 783 (Pa. 2005)). The Commonwealth concludes that the denial of a continuance in Appellant's probation violation hearing in Delaware County pending trial in Philadelphia County did not constitute an abuse of discretion or a violation of Appellant's federal or state constitutional rights. *Id.* We agree. We find no abuse of discretion on the part of the trial court in denying a continuance.

Appellant's argument fails for a second reason. During Appellant's April 16, 2014 *Gagnon II* hearing, his counsel argued against a one- to two-year state sentence as unwarranted in absence of a conviction in the

---

[4] Pa.R.Crim.P. 708(B) provides:

> Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:
>
> (1) A hearing held as speedily as possible at which the defendant is present and represented by counsel; and
> (2) A finding of record that the defendant violated a condition of probation, intermediate punishment, or parole.

Philadelphia County case. Counsel for the Commonwealth countered that the sentence was not based on Appellant's non-direct or technical violations alone, rather, it was based on Appellant's "entire criminal history . . . and actually his Gagnon history," including the fact the current hearing was Appellant's fourth *Gagnon II* hearing "for direct and technical violations." N.T. Hearing, 4/16/14, at 10. The trial court agreed, stating:

> And I agree with the Commonwealth. It wouldn't change my opinion, either. And I think the fact that he shows up at the Upper Darby office with crack cocaine is enough for me to say he's not amenable to rehabilitation. I think the fact that this is [Appellant's] fourth Gagnon II hearing, he continues to be a problem. He continues to flaunt his ability to get away with these things, so I am following the recommendations, and on Transcript 6642 of 2007, on the Information A, [Appellant] is found in violation of his probation. Probation is revoked, and he's receiving a new sentence of one to two years to be served at the state correctional institution. On Transcript 4291 of 2011, [Appellant] is found in violation of his parole, and he's receiving his full back-time of 399 days, which will run concurrent to Transcript 6642 of '07, and the bench warrant's rescinded.

*Id.* at 10-11. Clearly, Appellant's sentence was based on violations unrelated to the pending Philadelphia proceedings and, therefore, the denial of a continuance was of no consequence. We find no abuse of discretion on the part of the trial court for denying a continuance pending the resolution of charges facing Appellant in Philadelphia County. We conclude Appellant's issue is wholly frivolous.

Appellant's response to the *Anders* brief does not alter our determination. As noted above, Appellant complained that all he requested of counsel was "to file for my time credit" that he believes was calculated in

- 9 -

error. Appellant's Response to **Anders** Brief at 1.[5] Nothing in his letter suggests the trial court abused its discretion by denying a continuance, nor does Appellant raise any non-frivolous appealable issue in his letter.

The trial court squarely addressed the issue of back credit during the April 16, 2014 **Gagnon II** hearing, during which the following exchange took place:

TRIAL COURT: We spent a considerable amount of time at your last Gagnon hearing, when I went over how all the time was calculated. . . . [A]s I explained to you at that point in time, you were trying to double-dip and that I was not permitting you to double-dip, that you weren't going to get credit for things that you did in reference to this matter. So . . . we have addressed this issue. I believe the time is calculated, and [Commonwealth counsel], do you agree the time calculated is correct?

COUNSEL FOR COMMONWEALTH: Yes, Your Honor. That is, indeed, correct. On the case of 4291-2011, you gave [Appellant] no credit from April 3, 2013 to 10/6/2013. The majority of his credit time, which has gone to a case from '07, which has since maxed out, and the credit time listed on page three is the correct credit time for Case 4291 of 2011.

COUNSEL FOR APPELLANT: And Your Honor, I mean having not read the reports, I was just making sure that [Appellant's] position was put on the record.

TRIAL COURT: And that's why I'm saying it's preserved for appeal, if he wants to appeal it, but on the 4291, he was not getting credit from 4/3/13 to 10/6/13, because that was going to another case. . . . So that's why I said he wasn't going to be allowed to double-dip.

_____

[5] As reflected in the excerpt from the trial court's June 16, 2014 opinion, the trial court detailed the sentences with back time imposed following Appellant's various **Gagnon II** hearings. **See** Trial Court Opinion, 6/16/14, at 1-2.

***Id.*** at 6-8.

We do not find any error in the trial court's time credit determinations. Appellant has not raised a meritorious issue in his response to the ***Anders*** brief, nor do we find any other meritorious issue present in this case. The appeal is, as counsel asserted, wholly frivolous. Therefore, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

Counsel's petition for leave to withdraw is granted. Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/12/2015