J-S10043-22

2022 PA Super 151

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                             :        PENNSYLVANIA
            Appellant         :
                             :
                             :
                             :
            v.                :
                             :
                             :
MATTHEW ELIAS DON BULLIAN    :  No. 754 MDA 2021

Appeal from the Order Entered June 7, 2021
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0002062-2019

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.*

OPINION BY COLINS, J.:                    **FILED:  SEPTEMBER 2, 2022**

The Commonwealth appeals from an order entered by the Court of
Common Pleas of Lebanon County (trial court) dismissing a simple assault
charge against the defendant, Matthew Elias Don Bullian (Appellee).  For the
reasons set forth below, we reverse.

On November 20, 2019, the Commonwealth charged Appellee with
simple assault, a second-degree misdemeanor, and the summary offense of
harassment[1] for punching his live-in girlfriend multiple times in the head,
throwing her to the floor, and slamming her head into a wall.  Criminal
Complaint.  On August 5, 2020, Appellee voluntarily entered an Accelerated
Rehabilitative Disposition (ARD) program with respect to the simple assault

---

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2701(a)(1) and 18 Pa.C.S. § 2709(a)(1), respectively.

charge. Trial Court Opinion at 3; Trial Court Order, 8/5/20; N.T., 8/5/20, at 2-6. At the hearing placing Appellee into the ARD program, the trial court explained the conditions of the ARD program to Appellee, including the requirement that he obey all laws and maintain good behavior for a 12-month supervision period, and explained that if he completed the program successfully, the simple assault charge would be dismissed. N.T., 8/5/20, at 4-6. At this hearing, Appellee was also advised and acknowledged that he understood that if he did not successfully complete the ARD program, he could be prosecuted on that charge. *Id.* at 2-3, 5-6. At the August 5, 2020 ARD hearing, Appellee also pled guilty to the harassment charge and the trial court sentenced Appellee to pay a fine of $100 and costs of prosecution on that conviction. Trial Court Opinion at 4; Docket Entries at 3; Trial Court Order, 8/5/20; N.T., 8/5/20, at 5.

On September 9, 2020, Appellee was charged with simple assault and trespassing arising from an incident in another county. N.T., 12/9/20, at 2-3. On December 9, 2020, following a hearing, Appellee was removed from the ARD program and he was directed to appear for trial on the 2019 simple assault charge. *Id.* at 3-4; Trial Court Order, 12/9/20. On March 10, 2021, Appellee entered a negotiated guilty plea to the 2019 simple assault charge with sentencing deferred until May 12, 2021. N.T., 3/10/21, at 2-9. At the sentencing hearing, however, Appellee orally moved to dismiss that simple assault charge on the ground it was barred by compulsory joinder due to

Appellant's previous guilty plea to the harassment charge that was based on the same conduct. N.T., 5/12/21, at 2. The Commonwealth opposed this motion on the ground, *inter alia*, that Appellee's compulsory joinder rights were waived by his entry into ARD. *Id.* at 3. Following argument, the trial court granted Appellee's motion to dismiss the simple assault charge. *Id.* at 15; Trial Court Order, 5/14/21.

The Commonwealth filed a motion for reconsideration of the dismissal on May 21, 2021, in which it argued that the simple assault charge could not be dismissed because Appellee had waived his compulsory joinder rights by entering ARD, and the trial court, on May 24, 2021, issued an order vacating the dismissal order and scheduling a hearing on the Commonwealth's motion for reconsideration for June 2, 2021. Commonwealth Motion to Reconsider Order at 6-8 ¶¶12(e)-(g), 14(b)-(c); Trial Court Order, 5/24/21. At the June 2, 2021 hearing, the Commonwealth again argued that the simple assault charge could not be dismissed because Appellee had waived his compulsory joinder rights. N.T., 6/2/21, at 6. At the close of that hearing, the trial court issued an order, entered on June 7, 2021, denying the Commonwealth's motion for reconsideration and again dismissing the simple assault charge against Appellee. *Id.* at 17; Trial Court Order, 6/7/21. The Commonwealth, on June 8, 2021, timely appealed this dismissal order.

The trial court held that dismissal of the 2019 simple assault charge against Appellee was required by the compulsory joinder provision of Section

- 3 -

110(1)(iii) of the Crimes Code, 18 Pa.C.S. § 110(1)(iii), because both the simple assault and harassment charges were based on the same conduct and Appellee had previously pled guilty to and been sentenced on the harassment charge. Trial Court Opinion at 6-10. Section 110 provides in relevant part:

> **Although a prosecution is for a violation of a different provision of the statutes than a former prosecution** or is based on different facts, **it is barred by such former prosecution under the following circumstances:**
>
> **(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:**
>
> (i) any offense of which the defendant could have been convicted on the first prosecution;
>
> (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense; or
>
> **(iii) the same conduct, unless:**
>
> **(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil**; or
>
> (B) the second offense was not consummated when the former trial began.

18 Pa.C.S. § 110(1) (in effect August 27, 2002 to July 10, 2022) (emphasis added).[2]  Whether dismissal of a charge is required by Section 110 is a question of law subject to our plenary, *de novo* review.  ***Commonwealth v. Dawson***, 87 A.3d 825, 826-27 (Pa. Super. 2014); ***Commonwealth v. Simmer***, 814 A.2d 696, 698 (Pa. Super. 2002).

The Commonwealth argues that the dismissal of the simple assault charge was error because Appellee waived his right to seek dismissal of the that charge on Section 110 compulsory joinder grounds by entering the ARD program.  We agree.

Claims that a prosecution is barred by Section 110's compulsory joinder requirements are waivable.  ***Dawson***, 87 A.3d at 827; ***Simmer***, 814 A.2d at 699; ***Commonwealth v. Szebin***, 785 A.2d 103, 105 (Pa. Super. 2001). While waiver of Section 110 rights requires some affirmative act by the defendant to separate the prosecution of the charges and mere silence or inaction by the defendant is insufficient to constitute such a waiver, ***Commonwealth v. Failor***, 770 A.2d 310, 314-15 (Pa. 2001), voluntary entry into an ARD program on one of multiple charges is an affirmative act by the defendant that separates the charges for the defendant's benefit. ***Commonwealth v. Pries***, 861 A.2d 951, 956-57 (Pa. Super. 2004);

---

[2] The amendment of Section 110 that went into effect on July 11, 2022 made changes only to Subsection 110(1)(ii).  The provision of Section 110 at issue here, Subsection 110(1)(iii), remains unchanged.

*Simmer*, 814 A.2d at 699-700. Accordingly, where the defendant acknowledges, when he enters ADR for an offense, that he is subject to later prosecution for that offense if he does not successfully complete the ADR program, his voluntary entry into ARD waives his right to assert that Section 110 bars his later prosecution for that offense. *Pries*, 861 A.2d at 956-57; *Simmer*, 814 A.2d at 699-700; *Szebin*, 785 A.2d at 105.

Here, the record is clear that Appellee acknowledged when he entered the ADR program that he would be subject to prosecution on the simple assault charge if he failed to successfully complete the ADR program. N.T., 8/5/20, at 2-3. Appellee's entry into ADR on the simple assault charge therefore waived his right to seek dismissal of that charge based on the compulsory joinder requirements of Section 110 of the Crimes Code. *Pries*, 861 A.2d at 956-57; *Simmer*, 814 A.2d at 699-700; *Szebin*, 785 A.2d at 105.[3]

_____

[3] The trial court based its dismissal solely on Section 110, not on constitutional double jeopardy grounds. Trial Court Opinion at 5-6. Our conclusion that the dismissal of the simple assault charge is barred by waiver would, however, be the same if the dismissal were based on the Double Jeopardy Clause of the United States or Pennsylvania Constitution. Objections that a second prosecution violates the defendant's double jeopardy right to have all charges against him tried in one proceeding are, like Section 110 claims, waivable. *Commonwealth v. Banks*, 253 A.3d 768, 777-83 (Pa. Super. 2021); *Dawson*, 87 A.3d at 828-29. This Court has also held that entry into ARD constitutes a waiver of such double jeopardy claims. *Szebin*, 785 A.2d at 105.

The trial court acknowledged that this Court held in **Simmer** and **Szebin** that a defendant's entry into ARD constituted a waiver of his Section 110 compulsory joinder rights, but held that these decisions were distinguishable because they involved offenses based on different conduct and were decided under a different provision of Section 110, Subsection 110(1)(ii) (concerning prosecution for offenses arising from the same criminal episode), rather than Subsection 110(1)(iii) (concerning prosecution for the same conduct). Trial Court Opinion at 8-9.[4] In addition, the trial court opined that the precedential value of these cases was reduced by our Supreme Court's more recent decision in **Commonwealth v. Johnson**, 247 A.3d 981 (Pa. 2021). Trial Court Opinion at 9. Neither of these bases for rejecting waiver, however, is valid.

While this Court's decisions in **Pries**, **Simmer**, and **Szebin** involved Subsection 110(1)(ii), the waiver rulings in those decisions were not based on the language of that subsection or the fact that the charges involved different conduct. Rather, this Court held that the act of voluntarily entering ARD constituted a waiver of the defendants' rights to assert any violation of Section 110 as a ground for dismissal of the charge that was the subject of the ARD. **Pries**, 861 A.2d at 956-57 (holding that the defendant "**waived any objection to compulsory joinder** by taking an affirmative action to separate

---

[4] Appellee did not file a brief in this appeal.

the prosecutions pending against him by availing himself of the potential opportunity afforded by participation in the ARD program") (emphasis added); **Simmer**, 814 A.2d at 699 ("a defendant's voluntary entry into an ARD program, with respect to a charge of DUI, **constitutes a waiver of the defendant's right to later assert section 110 as a bar to prosecution** of the DUI offense, upon the defendant's removal from the ARD program") (emphasis added); **Szebin**, 785 A.2d at 105 (defendant "agreed to **waive his rights under Section 110** by acknowledging that failure to abide by the terms of the program would result in the institution of proceedings on the original charge") (emphasis added). This Court's holdings that entry into ARD constitutes a waiver of the defendant's Section 110 compulsory joinder rights are therefore equally applicable cases where joinder is compulsory under Subsection 110(1)(iii).[5]

Nothing in **Johnson** overruled or impaired this Court's holdings that entry into ARD waives the defendant's right to seek to dismissal on Section 110 grounds. In **Johnson**, the Supreme Court addressed whether Section 112(1) of the Crimes Code provided an exception to Section 110 where the

---

[5] Indeed, although the Court cited only to Subsection 110(1)(ii) in **Simmer**, it appears that one of guilty pleas that was raised as grounds for compulsory joinder dismissal in one of the two appeals that were the subject of that opinion was for the same conduct as the charge that the defendant sought to dismiss and that Subsection 110(1)(iii) could therefore apply to that appeal. 814 A.2d at 697-98 (prior guilty pleas of defendant Simmer, who sought dismissal of driving under the influence charge after removal from ARD, included guilty plea to a charge of operating with alcohol in system).

court that previously adjudicated a summary offense charge did not have jurisdiction over the later prosecuted charge. 247 A.3d at 982-87. The Court's limited discussion of waiver in *Johnson* merely reaffirmed that Section 110 rights can be waived, but that such waiver, as previously held in *Failor*, requires some affirmative act by the defendant to separate the prosecutions. 247 A.3d at 987 n.8 (holding that "an exception to compulsory joinder applies when the defendant takes affirmative action to separate the prosecutions pending against him, resulting in a waiver," but that the act of pleading guilty to a summary offense by itself does not constitute such affirmative action). Our decisions in *Simmer* and *Pries* holding that entry into ARD constitutes a waiver of defendant's Section 110 compulsory joinder rights applied *Failor* and the requirement of an affirmative act by the defendant to separate the charges and are therefore fully consistent with *Johnson*. *Pries*, 861 A.2d at 956-57; *Simmer*, 814 A.2d at 699-700.

Because Appellee's voluntary entry into ARD constituted a waiver of his right to compulsory joinder under Section 110 of the Crimes Code, the trial court erred in granting his motion to dismiss the simple assault charge. We therefore reverse the trial court's order and remand this case for sentencing on Appellee's guilty plea.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/02/2022