**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Derrick DAWSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 10, 2014.

Filed March 11, 2014.

Douglas J. Keating, Altoona, for appellant.

Richard A. Consiglio, District Attorney, Hollidaysburg, for Commonwealth, appellee.

BEFORE: PANELLA, J., MUNDY, J., and STABILE, J.

OPINION BY MUNDY, J.:

Appellant, Derrick D. Dawson, appeals from the May 9, 2013 order denying his motion to dismiss based upon alleged violations of the compulsory joinder rule and the Double Jeopardy Clauses of the Federal and Pennsylvania Constitutions.[1] After careful review, we affirm.

The trial court summarized the relevant facts and procedural history of this case as follows.

> [Appellant] was charged at criminal actions numbers 413–417 of 2012, 420, 421, and 423 of 2012 with Possession with Intent to Deliver, Criminal Use of Communication Facility, and Possession of a Controlled Substance. At 2038–2011, 2042–2011, and 2044–2011, [Appellant] was charged with Possession with Intent to Deliver, Criminal Use of a Communication Facility, and Criminal Conspiracy. He was tried by jury on those [three] charges and convicted of all charges except [two] count[s] of criminal conspiracy on April 11, 2012.[2]
>
> Originally, all 11 cases recited above had been joined by the Commonwealth via notice of joinder filed at all CR numbers. Previous counsel for [Appellant] asked for severance of CR 2038, 2042, and 2044 from the remaining charges, claiming prejudice to [Appellant] if the matters were tried together. The Commonwealth opposed the severance. The [trial c]ourt ... granted the severance and those three cases went to [a] jury trial. The remaining eight cases were placed back on the jury trial list and are now the cases at issue.

Trial Court Opinion, 08/01/2013, at 2.

On November 20, 2012, Appellant filed a motion to dismiss the remaining charges based upon alleged violation of the compulsory joinder rule as well as the Double Jeopardy Clauses of the Federal and Pennsylvania Constitutions.[3] The trial court conducted a hearing on April 12, 2013 on said motion. On May 9, 2013, the trial court entered an order with an accompanying opinion denying Appellant's motion. On June 6, 2013, Appellant filed a timely notice of appeal.

On appeal, Appellant raises one issue for our consideration.

> I. Whether the [t]rial [c]ourt erred [in] denying [Appellant]'s [m]otion to [d]ismiss for a violation of 18 Pa. C.S.A. § 110 and the Double Jeopardy [C]lause[s] of the Pennsylvania Constitution and [the] United States Constitution?

Appellant's Brief at 9.

As Appellant's issue presents solely a question of law, our standard of review is

---

1. 18 Pa.C.S.A. § 110; U.S. Const. amend. V; Pa. Const. Art. I, § 10, respectively. Our Supreme Court has held that an order denying a motion to dismiss based upon alleged compulsory joinder rule and Double Jeopardy violations is immediately appealable as of right. *Commonwealth v. Bracalielly*, 540 Pa. 460, 658 A.2d 755, 759–760 (1995). We further observe that Appellant and the trial court have complied with Pa.R.A.P. 1925.

2. On July 13, 2012, the trial court imposed an aggregate sentence of 33 to 66 years' imprisonment for the three 2011 docket numbers, and this Court affirmed the judgment of sentence on October 4, 2013. *Commonwealth v. Dawson*, 87 A.3d 876, 1268 WDA 2012 (Pa.Super.2013) (unpublished memorandum at 1). Appellant's petition for allowance of appeal is currently pending in our Supreme Court.

3. This filing also sought suppression of certain evidence arising from alleged improper consent to wiretaps from two confidential informants. The trial court denied this part of the motion.

*de novo* and our scope of review is plenary. *Commonwealth v. Fithian*, 599 Pa. 180, 961 A.2d 66, 71 n. 4 (2008). The compulsory joinder rule, codified at Section 110, provides in relevant part, as follows.

### § 110. When prosecution barred by former prosecution for different offense

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

. . .

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S.A. § 110(1)(ii).

Here, Appellant argues that the Commonwealth was required to go to trial on all 11 Common Pleas docket numbers at once. More specifically, Appellant avers the Commonwealth should not be permitted to go to trial on the eight 2012 Common Pleas docket numbers when it has already achieved a conviction for the three 2011 docket numbers that arose from the same alleged criminal activity. Appellant's Brief at 20. The trial court rejected this argument, concluding that Appellant had essentially waived this argument by previously seeking and obtaining severance of the 2011 charges.

In the instant cases, [Appellant] had previously asked [the trial] court to sever the three cases that went to trial from the eight remaining cases, alleging prejudice to him if all eleven cases were tried together. The [trial] court accepted his argument and granted his motion to sever. The three [2011] cases proceeded to jury trial. The remaining eight [2012] were placed back on the trial list. The fact that the cases were not joined together was based on [Appellant]'s actions in asking the [trial] court to sever them because of alleged prejudice to him, regardless of whether they were based on the same criminal act or transaction.

Here, concerning the [m]otion to [d]ismiss, the [trial c]ourt accepts the Commonwealth's argument that [Appellant] cannot ask the [trial c]ourt to sever joined cases because of alleged prejudice and then later complain that all of the cases were based on the same criminal act or transaction and should have been joined.

Trial Court Opinion, 8/1/13, at 3–4.

 This Court has held that claims going to the compulsory joinder rule are waiveable. *See Commonwealth v. Simmer*, 814 A.2d 696, 699 (Pa.Super.2002) (stating, "a defendant's voluntary ·entry into an ARD program, with respect to a charge of DUI, constitutes a waiver of the defendant's right to later assert section 110 as a bar to prosecution of the DUI offense, upon the defendant's removal from the ARD program[ ]"); *Commonwealth v. Johnson*, 319 Pa.Super. 463, 466 A.2d 636, 639 (1983) (stating, "an accused who is aware of all charges filed against him in separate townships but based on the same criminal episode, and who fails to move for the consolidation of these

charges, waives his section 110 statutory right to have all of these charges brought in a single prosecution[ ]"). Additionally, claims based on the Double Jeopardy clauses are waiveable in some circumstances. *See Commonwealth v. Robinson,* 931 A.2d 15, 21 n. 5 (Pa.Super.2007) (*en banc* ) (stating, "even issues of constitutional dimensions can be waived[ ]") (citation omitted); *but cf. Commonwealth v. Minnis,* 83 A.3d 1047, 1053 (Pa.Super.2014) (*en banc* ) (concluding, "a defendant who moves for a new trial [does not] necessarily waive[ ] any argument that double jeopardy bars a second trial[ ]").

In *Commonwealth v. Cicconi,* 439 Pa.Super. 81, 653 A.2d 40 (1995), the defendant was charged with rape, involuntary deviant sexual intercourse, aggravated indecent assault and indecent assault. *Id.* at 41. During trial, Appellant pled *nolo contendere* to the aggravated indecent assault charge; however, at a later hearing, the trial court permitted Cicconi to withdraw that guilty plea. *Id.* At that same hearing, the Commonwealth made an oral motion to amend the information to add one count of burglary that arose from the same incident. Cicconi objected to the amendment, and the trial court ultimately denied the Commonwealth's oral motion. *Id.* The Commonwealth then proceeded to file the burglary charge under a new docket number and information. *Id.* The defendant pled guilty to the burglary charge and filed a motion to quash the first information because the Commonwealth had failed to join the rape, involuntary deviant sexual intercourse, aggravated indecent assault and indecent assault with the burglary charge to which he had just pled guilty. *Id.*

The trial court agreed and granted Cicconi's motion, the Commonwealth appealed, and this Court reversed. *Id.* at 41, 42. This Court concluded that Cicconi had waived any objection to compulsory joinder.

Instantly, the appellee *opposed* the appellant's attempt to amend Criminal Information at No. 427 of 1993, which would have included burglary and caused *all* charges to be disposed of at one trial. Next, after the appellant filed a separate Criminal Information at No. 150 of 1994 for burglary, the appellee pleads guilty to Criminal Information at No. 150 of 1994, all the while cognizant of the existence of the charges under Criminal Information at No. 427 of 1993, and that both informations dealt with crimes arising out of a single incident.

The appellee, as well as the appellant, could have moved to consolidate the two criminal informations. However, the appellee did nothing to avoid the filing of separate criminal informations. On the contrary, the appellee objected when efforts were made by the Commonwealth to amend the initial criminal information, and, then, pleaded guilty to the charge (burglary) which was the object of the amendment effort by the Commonwealth. **We read such conduct by the appellee, albeit not an outward request for separate trials (because the Commonwealth had not filed and the appellee had not objected to a formal consolidation motion), as a knowing acquiescence in what appears to be an advantageous separation by resisting the amendment of Criminal Information at No. 427 of 1993, followed by a plea of guilty to the offense opposed for amendment by the appellee.** The appellee's stated reasons for objecting to the Commonwealth's effort to amend Criminal Information at No. 427 of 1993, so as to include burglary, consisted of the benefits believed flowing from a preliminary hearing on that charge and other procedural safeguards. Yet, at the arraign-

ment stage of the case for burglary the appellee pleaded guilty.

We believe that such procedural maneuvering was motivated by a desire to escape prosecution for rape, involuntary deviate sexual intercourse, aggravated indecent assault and indecent assault via Criminal Information at No. 427 of 1993, which is not the type of protection intended by Section 110. Accordingly, because Section 110 is intended to prevent harassment by the prosecution, our finding that no harassment was perpetrated by the Commonwealth undermines the trial court's grant of the appellee's Motion to Quash and Dismiss Criminal Information at No. 427 of 1993. To do otherwise would be to sanction the defendant's procedural expedient to avoid prosecution. This we will not do.

*Id.* at 43–44 (internal quotation marks, citations, and footnote omitted; emphasis added).

 Appellant acknowledges *Cicconi,* but argues it is distinguishable from the instant case because Appellant "did not engage in any tactical maneuvering like [Cicconi] ... [because Appellant] did not file th[e m]otion to [s]ever[,] then instantly turn around and try to use Section 110 to his advantage." Appellant's Brief at 21. We find Appellant's distinction unpersuasive. In *Cicconi,* this Court found waiver even though Cicconi had "not [made] an outward request for separate trials because the Commonwealth had not filed and the appellee had not objected to a formal consolidation motion[.]" *Id.* at 43 (internal parentheses omitted). Here, Appellant did actually make a successful request for separate trials, which resulted in "the [trial] court order[ing] a separate trial of the [2012] charges...." 18 Pa.C.S.A. § 110(1)(ii). In our view, the circumstances of this case as well as the text of the compulsory joinder statute, make the

argument for waiver even more compelling than in *Cicconi.* Appellant now argues that the Commonwealth was required to try all 11 cases together, which is simply another way of stating that his previous motion to sever should actually have been denied. Appellant may not now make this contradictory argument. We therefore unequivocally hold that where a defendant successfully seeks to sever certain charges from a case, he waives any argument under Section 110 and the Double Jeopardy Clauses that all charges should have been brought in one trial. *See Cicconi, supra* at 43–44. As a result, we conclude the trial court correctly denied Appellant's motion to dismiss. *See Fithian, supra.*

Based on the foregoing, we conclude that Appellant's sole issue on appeal is devoid of merit based on waiver of his compulsory joinder and double jeopardy rights. Accordingly, the trial court's May 9, 2013 order is affirmed.

Order affirmed.