J-A02042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT J. KEARNS | |
| Appellant | No. 1927 EDA 2014 |

Appeal from the Order June 20, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-00006015-2013

BEFORE:  LAZARUS, J., MUNDY, J., and WECHT, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MARCH 27, 2015**

Robert J. Kearns appeals from the June 20, 2014 order of the Court of Common Pleas of Bucks County that denied his omnibus pretrial motion to dismiss based upon alleged violations of the compulsory joinder rule and double jeopardy.[1]  After careful review, we affirm.

The trial court summarized the facts and procedural history of this case as follows:

> Municipal Energy Managers ("MEM") was represented by [Kearns], the President of MEM, and Patrick Joseph McLaine, the Treasurer of MEM.  As a measure to reduce costs, various townships in the Commonwealth hired MEM to facilitate the transfer of ownership of streetlights from Pennsylvania Power

---

[1] "An order denying a motion to dismiss based upon alleged compulsory joinder rule and Double Jeopardy violations is immediately appealable as of right." ***Commonwealth v. Dawson***, 87 A.3d 825, 826 (Pa. Super. 2014) (citing ***Commonwealth v. Bracalielly***, 658 A.2d 755, 759-60 (Pa. 1995)).

and Light ("PPL") to the respective townships in which the lights were located.

In March 2009, Richland Township, located in Bucks County, contracted with MEM for the performance of this service. Richland Township paid over $165,000 to MEM, and in exchange, MEM was contractually obligated to negotiate with PPL for the streetlights, prepare the hardware for the transfer of the streetlights, perform maintenance work on the lights, set up a computer system for the township to report outages to MEM, and various other responsibilities before the transfer could be completed. The money was deposited into MEM's corporate account in advance of these services.

PPL ultimately determined that MEM should no longer perform the streetlight work, which prevented MEM from completing its contractual obligations to Richland Township. On March 20, 2012, PPL representatives revealed that MEM had never even informed PPL of the contract with Richland Township let alone communicated an intent to purchase the streetlights.

Sergeant Michael Kisthardt of the Richland Township Police Department investigated MEM's financial records. On March 11, 2009, Richland Township submitted payment to MEM's corporate account via wire transfer. Thereafter, from March to December 2009, [Kearns] withdrew approximately $457,000 from the account. During this same time period, McLaine withdrew over $486,000 from the account. MEM was unable to perform the required work because of PPL's determination, and MEM was unable to return the funds tendered by Richland Township.

[Kearns] is charged before this Court with theft by unlawful taking, theft by failure to make required disposition of funds received, and criminal conspiracy. Patrick Joseph McLaine is also charged before this Court in connection with these facts.

On November 12, 2013, [Kearns] filed his omnibus pre-trial motion and supplemental brief. Included therein were [Kearns'] motion for habeas corpus, motion to dismiss and/or join pursuant to compulsory joinder, motion to dismiss due to double jeopardy, and motion for bill of particular[s]. McLaine filed a similar motion on November 22, 2013. On April 28, 2014, we held a hearing on the motions filed by [Kearns] and [McLaine]. On June 20, 2014, after consideration of the pre-trial motions, the briefs filed by the parties, and arguments made at the hearing, this Court issued and order denying the motions. On

- 2 -

July 11, 2014, [Kearns] appealed the denial of the motions to dismiss. McLaine filed his notice of appeal on July 3, 2014.

Both [Kearns] and McLaine were previously tried in Northampton County, where each [was] convicted and acquitted of various charges. Furthermore, both were charged with similar offenses in Cumberland County and Lehigh County.

Trial Court Opinion, 9/3/14, at 1-3 (citations omitted).

On appeal, Kearns raises the following issues for our review:

1. Whether the information should be dismissed pursuant to compulsory joinder because . . . Kearns was already tried for the same alleged offenses in Northampton County and is currently charged with the same offenses in Cumberland and Lehigh Counties.

2. Whether the information should be dismissed because it violates . . . Kearns' constitutional and statutory protections against double jeopardy where . . . Kearns has already been tried for the same alleged offenses in Northampton County.

Brief of Appellant, at 2.

The issues raised by Kearns involve questions of law, and therefore our standard of review is *de novo* and our scope of review is plenary. **Dawson**, **supra** at 826-27 (citation omitted).

The compulsory joinder rule provides, in relevant part:

**§ 110.    When    prosecution    barred    by    former prosecution for different offense**

Although a prosecution is for a violation of a different provision of the statute than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1)    The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

(i)      any offense of which the defendant could have been convicted in the first prosecution;

(ii)     any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense;

(iii)    the same conduct, unless:

   (A)    the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

   (B)    the second offense was not consummated when the former trial began.

18 Pa.C.S. § 110.

Our Supreme Court has summarized the requirements of section 110(1)(ii) as follows: (1) the former prosecution resulted in an acquittal or a conviction; (2) the current prosecution is based upon the same criminal conduct or arose from the same criminal episode as the former prosecution; (3) the prosecutor was aware of the instant charges before the commencement of the trial on the former charges; and (4) the current offense occurred within the same judicial district as the former prosecution. *See Commonwealth v. Fithian*, 961 A.2d 66, 72 (Pa. 2008).

In this case, there is no dispute with regard to the first and third requirements. It is clear that Kearns was prosecuted in Northampton

- 4 -

County, where he was convicted of some offenses and acquitted of others. The Commonwealth also concedes that it was aware of the instant charges before commencement of the trial in Northampton County.

In deciding whether the current prosecution is based upon the same criminal conduct or arose from the same criminal episode as the former prosecution, courts consider "the temporal and logical relationship between the charges to determine whether they arose from a single criminal episode." **Commonwealth v. Reid**, 77 A.3d 579, 582 (Pa. 2013). As the trial court explained:

> The determination of what constitutes a single criminal episode must not be approached in a "hypertechnical and rigid" manner that would defeat the purposes underlying Section 110. A single criminal episode is also not found merely because evidence of Appellant's other crimes are relevant and admissible in this prosecution. **Commonwealth v. Spotz**, 759 A.2d 1280, 1285 (Pa. 2005). Rather, we must consider two factors: (1) the logical relationship between the acts, and (2) the temporal relationship between the acts. [**Commonwealth v.**] **Bracalielly**, 658 A.2d [755,] 761 [(Pa. 1995)].
>
> In evaluating the logical relationship, "we must . . . be aware that a mere *de minimis* duplication of factual and legal issues is insufficient to establish a logical relationship between offenses. Rather what is required is a substantive duplication of issues of law and fact." **Id.** Several factors may be considered including the number of different victims and witnesses, the location of the crimes, the days on which the crimes occurred, and the number of different investigations. **Spotz**, 759 A.2d at 1286.
>
> We further note that compulsory joinder serves two distinct policy considerations: "(1) to protect a criminal defendant from the governmental harassment of being subjected to successive trials for offenses stemming from the same criminal episode; and (2) as a matter of judicial administration and economy, to assure finality without unduly burdening the judicial process by

repetitious litigation." ***Commonwealth v. Wittenburg***, 710 A.2d 69, 73 (Pa. Super. 1998). However, "[th]ese policy concerns must not be interpreted to sanction 'volume discounting' or . . . to label an 'enterprise' an 'episode.' This Court has never categorized seven months of individual criminal activity, with distinct layer of illegality, as a single criminal episode." ***Commonwealth v. Nelson***, 855 A.2d 834, 840 (Pa. 2004) (superseded by statue on other grounds). In ***Nolan***, the [d]efendant stole at least twenty-five (25) vehicles from numerous individuals and eleven (11) dealerships over a seven-month period. The ***Nolan*** Court acknowledged [the d]efendant's actions constituted one ongoing criminal enterprise, but viewed each week as a separate criminal episode. Further, the ***Nolan*** Court distinguished ***Commonwealth v. McPhail***, 692 A.2d 139 (Pa. 1997), where three months of activity were designated a single criminal episode because "that case involved one defendant selling drugs to one undercover officer." ***Nolan***, 855 A.2d at 840.

In the instant case, the logical and temporal relationship between the acts reveals several criminal episodes. [Kearns] was involved in a business that worked with various municipalities that spanned at least four counties across the Commonwealth. MEM, through [Kearns], entered into separate contracts with each municipality at different times. In particular, Richland Township obtained MEM's services in March 2009. MEM, both prior to and after this date, entered into contracts with other municipalities. Further, MEM's nonperformance varied under each of the separate contracts. For instance, while PPL had knowledge of some MEM contracts, MEM never informed PPL of their contractual relationship with Richland Township. In addition, each contract required MEM's performance not in one single location, but rather, in the various townships in which the streetlights were located.

Furthermore, much like in ***Nolan***, MEM's failure to perform on the various contracts resulted in numerous victims across several counties. Consequently, prosecuting [Kearns'] crimes would require material witnesses not used as well as testimony not elicited in the prior prosecution in Northampton County. The charges brought in Cumberland and Lehigh Counties would also require different material witnesses, including township officials that negotiated their respective contracts with MEM and [Kearns]. In addition, Sergeant Michael Kisthardt of the Richland Township Police Department investigated the crimes as

they pertained to Richland Township, which led to the charges before this Court. While some involvement or coordination may have taken place, Kisthardt and the authorities in the other counties each began and conducted separate investigations for their respective municipalities.

Although [Kearns] may have engaged in a criminal enterprise involving a common scheme and method, the various contracts, victims, witnesses, locations, and investigations demonstrate that the crimes charged in this matter are a wholly separate criminal episode. Therefore, [Kearns] failed to establish a right to dismissal of the charges before this Court pursuant to compulsory joinder.

Trial Court Opinion, 9/3/14, at 5-7.

The trial court further opined that the fourth requirement for compulsory joinder, namely, that the current offense occurred within the same judicial district as the former prosecution, was not established in this case. Here, the offenses charged relate to the contract between MEM and Richland Township for the transfer of streetlights located in Richland Township, Bucks County. Because the offenses charged do not relate to conduct that occurred in Northampton County, compulsory joinder was improper. *Id.* at 8.

The trial court's analysis and conclusions are consistent with 18 Pa.C.S. § 110 and the decisional law interpreting the statute. Accordingly, we agree that Kearns is not entitled to relief on his compulsory joinder claim.

Kearns next asserts that the criminal information against him should be dismissed because it violates his protections against double jeopardy. In reviewing his claim, we note:

> Consideration of the constitutional protections contained in the double jeopardy clauses is necessary where the statutory provisions relating to subsequent prosecutions are not applicable. ***Commonwealth v. Keenan***, 530 A.2d 90, 93 (Pa. Super. 1987) (citations omitted). We employ a unitary analysis of the state and federal double jeopardy clauses since the protections afforded by each constitution are identical. ***Id.*** at 93 (citations omitted). The protections afforded by double jeopardy are generally recognized to fall within three categories: (1) protection against a second prosecution for the same offense after an acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense. ***Id.*** at 93 (citations omitted). The constitutional prohibition of double jeopardy also protects the convicted defendant from multiple prosecutions for the same offense, requiring a "single criminal episode" analysis. ***See [Commonwealth v.] Gimbara***, 835 A.2d [371,] 374 [(Pa. Super. 2003).]

***Commonwealth v. Schmidt***, 919 A.2d 241, 250 (Pa. Super. 2007).

We agree with the trial court that, in light of its conclusion that Kearns' actions in Bucks County and in Northampton County constituted separate criminal episodes, the protections of the double jeopardy clauses of the state and federal constitutions are inapplicable to this matter. Trial Court Opinion, 9/3/14, at 8-9.

Order affirmed. Jurisdiction relinquished. Case remanded for further proceedings.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/27/2015

- 8 -