J-A22036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ALLEN PIPPEN, | |
| Appellant | No. 2112 EDA 2016 |

Appeal from the Judgment of Sentence June 13, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0009346-2014

BEFORE:  BOWES, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:　　　　　　　　**FILED OCTOBER 31, 2017**

Appellant, Allen Pippen, appeals from the judgment of sentence imposed following the trial court's denial of his petition for a writ of *certiorari* challenging his municipal court conviction of driving under the combined influence of alcohol and a drug or combination of drugs.[1]  We affirm.

The trial court aptly set forth the relevant facts and procedural history of this case as follows:

> On December 1, 2013, officers arrested Appellant and subsequently charged him with Driving Under the Influence ("DUI") pursuant to 75 Pa.C.S. § 3802(a)(1), 75 Pa.C.S. § 3802(d)(1), 75 Pa.C.S. § 3802(d)(2), and 75 Pa.C.S. §

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3802(d)(3).

3802(d)(3), as well as summary traffic offenses including: Driving With a Suspended License and Disregarding a Steady Red Light.[2] On March 7, 2014, Appellant was found guilty of both summary offenses in Traffic Court; the DUI charge was not adjudicated on that date. On March 10, 2014, Appellant filed a summary appeal of the Driving With a Suspended License charge.

On May 2, 2014, Appellant moved to dismiss the DUI charge in Municipal Court before the Honorable Joyce Eubanks, arguing that the Commonwealth was barred from prosecuting him under the compulsory joinder provisions of 18 Pa.C.S. § 110(1)(ii) because he was previously prosecuted for and convicted of two traffic violations in the Traffic Division. Judge Eubanks denied Appellant's motion. Appellant additionally argued a motion to suppress any statements made and the blood test results under the Fourth and Fourteenth Amendments of the United States Constitution and Article One, Section Eight of the Pennsylvania Constitution.[3] Judge Eubanks denied Appellant's motion to suppress. Judge Eubanks subsequently found Appellant guilty solely of 75 Pa.C.S. § 3802(d)(3). On May 21, 2014, Appellant's summary appeal of Driving With a Suspended License was granted and the charge was withdrawn by the Commonwealth.

On August 18, 2014, Appellant filed an appeal to the Court of Common Pleas for a trial *de novo* for his DUI conviction in Municipal Court. On September 2, 2014, Appellant filed a summary appeal for the Disregarding a Steady Red charge. On October 27, 2014, the summary appeal was granted and the Commonwealth withdrew the Disregarding a Steady Red Light charge. On March 21, 2016, Appellant filed a Writ of *Certiorari* for his DUI conviction [in the trial court]. On April 8, 2016, [the trial court] permitted Appellant to withdraw his request for a trial *de novo*. After argument on the Writ, [the trial court] denied Appellant's Petition.

---

[2] Laboratory analysis showed a blood alcohol content of .0173 and the presence of marijuana.

[3] Specifically, Appellant argued that the police lacked reasonable suspicion to stop his vehicle and had no probable cause to arrest him. (***See*** N.T. Motions and Waiver Trial, 5/02/14, at 8-9, 22-26).

- 2 -

(Trial Court Opinion, 10/26/16, at 1-2) (record citations and some italics omitted).

On June 13, 2016, the trial court sentenced Appellant to a term of not less than ninety nor more than 180 days' incarceration in county prison. Appellant timely appealed, and filed a timely, court-ordered concise statement of errors complained of on appeal on August 31, 2016. **See** Pa.R.A.P. 1925(b). Relevant herein, Appellant alleged for the first time, in his concise statement, that his blood test results should be suppressed because his consent to the blood draw was involuntary. (**See** Rule 1925(b) statement, 8/31/16, at unnumbered page 3) (citing **Birchfield v. North Dakota**, 136 S.Ct. 2160 (2016)).[4] The trial court entered an opinion on October 26, 2016, in which it stated that Appellant waived his issue regarding the voluntariness of the blood draw. (**See** Trial Ct. Op., at 3); **see also** Pa.R.A.P. 1925(a).

Appellant raises the following issues for our review:

1. Did the [trial] court err where it denied Appellant's motion to dismiss pursuant to 18 Pa. C.S. § 110(1)(ii) when the Municipal Court, Criminal Division, found Appellant guilty of DUI after the Municipal Court, Traffic Division had already found him guilty of related traffic charges on an earlier date, in violation of Rule 110(1)(ii)'s prohibition against multiple convictions for the same behavior?

---

[4] The United States Supreme Court issued **Birchfield** on June 23, 2016, ten days after Appellant's sentencing, and before he filed this direct appeal. The **Birchfield** Court analyzed the constitutionality of blood tests under the Fourth Amendment guarantee against unreasonable searches and seizures, and found that a blood test, because of its intrusive nature, requires a warrant. **See Birchfield**, **supra** at 2173, 2184-85.

2. Did the [trial] court err in denying a new trial in light of **Birchfield**[, **supra**], because Appellant's consent to draw blood was never voluntary under the totality of the circumstances and therefore the results of the blood test should not have been admissible at trial against him?

(Appellant's Brief, at 2) (some capitalization omitted).

Appellant's first contention on appeal is that, under the compulsory joinder statute at 18 Pa.C.S.A. § 110(1)(ii),[5] his conviction for summary offenses before the traffic court precluded the subsequent prosecution of the DUI charges in the municipal court. (**See id.** at 6-10). We disagree.

_____

[5] In relevant part, section 110 provides as follows:

**§ 110. When prosecution barred by former prosecution for different offense**

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

\* \* \*

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S.A. § 110(1)(ii).

- 4 -

Initially, we note that because Appellant's issue presents a question of law, our standard of review is *de novo* and our scope of review is plenary*. See Commonwealth v. Dawson*, 87 A.3d 825, 826–27 (Pa. Super. 2014), *appeal denied*, 102 A.3d 984 (Pa. 2014).

This Court's recent *en banc* decision in **Commonwealth v. Perfetto**, 2017 WL 3776631 (Pa. Super. filed Aug. 30, 2017) (*en banc*), is instructive.[6] The **Perfetto** Court addressed similar facts and concluded that a prior summary conviction before the Philadelphia Municipal Court Traffic Division did not bar subsequent prosecution of more serious offenses under the compulsory joinder rule. Specifically, this Court noted the "unique jurisdictional organization of the Philadelphia Courts" and held:

> [I]n the context of compulsory joinder, where a defendant is charged with a summary traffic violation and a misdemeanor, the . . . summary offense must be disposed of in a proceeding in the [traffic court], which has jurisdiction exclusive of the Court of Common Pleas, and a separate proceeding must be held for the remaining, higher offenses.
>
> \* \* \*
>
> . . . [42 Pa.C.S.A. § 1302 (relating to jurisdiction)] carves out an exception to compulsory joinder and directs that the summary traffic offense is within the exclusive jurisdiction of the traffic court. A prior disposition of a summary traffic offense in a traffic court does not bar the later prosecution of other criminal charges which arose in the same judicial district and at the same time as the summary traffic offense.
>
> \* \* \*

---

[6] The Commonwealth recognizes that the outcome of **Perfetto** is dispositive to this issue. (**See** Commonwealth's Brief, at 7).

> . . . [I]n those judicial districts which have a separate traffic court, the summary traffic offenses may reach disposition in a single, prior proceeding without precluding subsequent prosecution of higher offenses. . . .

***Id.*** at *8-9.

Applying our holding in ***Perfetto*** to the instant case, we conclude that the compulsory joinder rule did not bar Appellant's prosecution on the DUI charges. ***See id.*** Therefore, there is no merit to his first issue on appeal.

Appellant next argues that he is entitled to remand to the trial court for a new trial or a hearing in light of ***Birchfield***, ***supra***, because his consent to the blood draw was involuntary. (***See*** Appellant's Brief, at 2, 12). Appellant further maintains that the trial court erred in determining that he waived this claim. (***See id.*** at 10-12). We disagree.

As noted, ***Birchfield*** was decided on June 23, 2016, shortly after Appellant's sentencing, and before he filed this direct appeal. In ***Commonwealth v. Grays***, 2017 WL 3139993 (Pa. Super. filed July 25, 2017), a panel of this Court recently discussed the waiver of a ***Birchfield*** claim under similar circumstances. The ***Grays*** Court explained:

> . . . [T]he High Court decided ***Birchfield*** after [Grays'] trial and sentencing in this case but during the pendency of this appeal. The decision announced a new criminal rule of law. Where a United States Supreme Court decision "results in a 'new rule,' that rule[] applies to all criminal cases still pending on direct review." ***Schriro v. Summerlin***, 542 U.S. 348, 351, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004) (citation omitted). However, "[c]ase law is clear . . . that in order for a new rule of law to apply retroactively to a case pending on direct appeal, the issue had to be preserved at 'all stages of adjudication up to and including the direct appeal.'

″ ***Commonwealth v. Tilley***, 566 Pa. 312, 318, 780 A.2d 649, 652 (2001).

. . . [A]lthough [Grays] filed several pre-trial motions seeking to suppress and/or preclude his pre-arrest BAC, [he] did not challenge or present any claim that his pre-arrest blood draw/testing was involuntary, performed without his consent, and/or was coerced. Rather, as the trial court indicates in its Rule 1925(a) opinion, [he] presented this specific claim for the first time in his court-ordered Rule 1925(b) statement. Consequently, [his] failure to raise the issue of his consent to the blood draw and testing in the trial court precludes our review of the claim. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); ***Commonwealth v. Watson***, 835 A.2d 786 (Pa. Super. 2003) (holding the failure to raise an issue in the trial court may not be cured by submitting the issue for the first time in a Rule 1925(b) statement).

***Id.*** at *13 (footnotes and one case citation omitted).

Here, similarly, Appellant did not challenge the voluntariness of the blood draw in the Municipal or Common Pleas court. He instead raised the claim for the first time in his Rule 1925(b) statement. Based on the foregoing legal authority, we agree with the trial court and the Commonwealth that he waived it. ***See id.***; (***see also*** Trial Ct. Op., at 3; Commonwealth's Brief, at 4-5, 12). Therefore, Appellant's second issue on appeal merits no relief. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge Bowes joins the Memorandum.

Judge Lazarus files a Concurring and Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2017