J-S39006-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ISIAH GONZALEZ, | : | |
| | : | |
| Appellant | : | No. 1769 EDA 2019 |

Appeal from the Judgment of Sentence Entered May 16, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000288-2018

BEFORE:   LAZARUS, J., OLSON, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED OCTOBER 02, 2020**

Isiah Gonzalez appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County.  After careful review, we affirm in part, vacate in part, and remand.

On December 27, 2017, Officer Lewis Kerr was on solo patrol on North 5th Street in Philadelphia.  Officer Kerr stopped Gonzalez for a taillight violation and called for backup.  When Officer Kerr approached Gonzalez's vehicle, he detected a strong odor of marijuana and saw "blunts" (marijuana cigars) in the ashtray.  Gonzalez acknowledged he had marijuana on his person and did not have a valid driver's license.  When Officer's Kerr's backup arrived, Officer Kerr asked Gonzalez to exit the vehicle.  Following a protective search, Officer Kerr recovered a jar of marijuana from Gonzalez's jacket pocket.  After a

_____

[*] Retired Senior Judge assigned to the Superior Court.

search of the vehicle, Officer Kerr recovered a loaded semi-automatic handgun. N.T. Waiver Trial, 2/15/19, at 10-18. Gonzalez did not have a license to carry a firearm and, in fact, was ineligible to obtain one.[1]

Gonzalez was arrested. Following a secondary search of his person at the police station, officers recovered a glass jar containing phencyclidine (PCP) from Gonzalez's jacket. *Id.* at 26. Officer Kerr issued two tickets to Gonzalez: one for driving with an inoperable brake light, and one for driving with a suspended license. *Id.* at 24-25. Gonzalez was charged with firearms not to be carried without a license,[2] a felony of the third degree, as well as the following misdemeanor charges: possession of a controlled substance,[3] possession of firearm prohibited,[4] carrying firearms in public in Philadelphia,[5] and possession of marijuana.[6]

Gonzalez did not file pretrial motions, and he waived his right to a jury trial. On February 15, 2019, Gonzalez was tried before the Honorable Giovanni O. Campbell. The court convicted Gonzalez of carrying a firearm without a license, possession of a firearm by a person prohibited, and

---

[1] Gonzalez was on probation for unlawful gun possession at the time of his arrest.

[2] 18 Pa.C.S.A. § 6106(a)(1).

[3] 35 P.S. § 780-113(a)(16).

[4] 18 Pa.C.S.A. § 6105(a)(1).

[5] 18 Pa.C.S.A. § 6108.

[6] 35 P.S. § 780-113(a)(31).

possession of a controlled substance. The court scheduled sentencing for May 16, 2019.

The day before sentencing, on May 15, 2019, Gonzalez filed a motion for dismissal pursuant to 18 Pa.C.S.A. § 110 (compulsory joinder). In his motion, Gonzalez alleged that on February 28, 2018, he had been adjudicated guilty *in absentia* of two summary traffic offenses that he was cited for on December 27, 2017, the same day he was stopped and charged with the aforementioned offenses. Gonzalez argued in his motion that section 110 of the Crimes Code, as interpreted in the Pennsylvania Supreme Court's decision in **Commonwealth v. Perfetto**, 207 A.3d 812 (Pa. 2019), prohibited his prosecution for the drug and firearm offenses.

On May 16, 2019, the trial court denied Gonzalez's motion and sentenced Gonzalez to three to six years' imprisonment, followed by five years' probation. Gonzalez filed a timely notice of appeal.

On appeal, Gonzalez claims the trial court erred in denying his motion to bar prosecution pursuant to 18 Pa.C.S.A. § 110(1)(ii).[7] He argues that

---

[7] Subsection 110(1)(ii) of the compulsory joinder rule provides, in relevant part:

> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
> (1)  The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to

because he had already been prosecuted for the traffic violations, and because the felony and misdemeanor charges arose from the same criminal episode, the Commonwealth should have prosecuted the charges together. Gonzalez contends the subsequent prosecution is barred pursuant to **Perfetto**.[8]

In **Perfetto**, our Supreme Court explained the four-part test to determine if prosecution is appropriately barred, as follows: (1) the former prosecution must have resulted in an acquittal or conviction; (2) the current prosecution is based upon the same criminal conduct or arose from the same criminal episode as the former prosecution; (3) the prosecutor was aware of the instant charges before the commencement of the trial on the former charges; and (4) the current offense occurred within the same judicial district as the former prosecution. **Perfetto**, **supra** at 821. **See** 18 Pa.C.S.A. § 110(1)(ii), **supra** n. 7.

_____

> when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:
>
> \* \* \*
>
> (ii) **any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]**

18 Pa.C.S.A. § 110(1)(ii) (emphasis added).

[8] Our standard of review of issues concerning the compulsory joinder rule is plenary. **Commonwealth v. Reid**, 35 A.3d 773, 776 (Pa. Super. 2012).

The Commonwealth argues, *inter alia*, that Gonzalez waived his compulsory joinder claim. The Commonwealth points out that Gonzalez waited until after trial and conviction—in fact until the eve of sentencing—to seek dismissal of the charges.

For the reasons that follow, we conclude that because there was no affirmative action on Gonzalez's part in seeking severance or opposing consolidation, we do not find waiver; instead, we hold that a straightforward application of **Perfetto** bars the subsequent prosecution of Gonzalez's misdemeanor charges.

In **Commonwealth v. Dawson**, 87 A.3d 825 (Pa. Super. 2014), this Court recognized that "claims going to compulsory joinder are waivable." **Id.** at 827. In **Dawson**, defendant was charged with various drug and related offenses in eleven different cases. The Commonwealth filed a notice of joinder, and defendant filed a motion to sever three of the cases, claiming prejudice. The Commonwealth opposed the motion to sever. The trial court granted defendant's motion to sever and those three cases were tried before a jury. Defendant was convicted of all charges except two conspiracy counts. The remaining eight cases were placed on the docket. Defendant filed a motion to dismiss those cases, arguing the Commonwealth had achieved a conviction and was required to prosecute all the charges that arose from the same criminal activity. **Id.** at 827. The trial court denied that motion, concluding that defendant had waived his claim by previously seeking and obtaining severance. **Id.** On appeal, defendant argued denial of his motion

violated 18 Pa.C.S.A. § 110 and the Double Jeopardy Clauses of the Pennsylvania Constitution and the United States Constitution. This Court also rejected defendant's argument, stating:

> [Defendant] now argues that the Commonwealth was required to try all 11 cases together, which is simply another way of stating that his previous motion to sever should actually have been denied. [Defendant] may not now make this contradictory argument. **We therefore unequivocally hold that where a defendant successfully seeks to sever certain charges from a case, he waives any argument under Section 110 and the Double Jeopardy Clauses that all charges should have been brought in one trial.**

*Id.* at 829 (emphasis added).

In **Commonwealth v. Failor**, 770 A.2d 310, 313 (Pa. 2001), consolidated with **Commonwealth v. Blosser**, defendants were both charged with speeding and driving while under suspension (DUS). Failor entered a guilty plea to speeding. He subsequently entered a guilty plea to DUS. Blosser entered a guilty plea to speeding. Thereafter, the court appointed counsel for Blosser, and he was tried before the district justice and convicted of DUS. Both Failor and Blosser appealed to the court of common pleas and filed motions to dismiss the DUS charges pursuant to 18 Pa.C.S.A. § 110(1)(ii) and the federal and state constitutional double jeopardy provisions. The court of common pleas denied the motions to dismiss, reasoning that defendants were aware of the separate charges pending against them, and because they both pled guilty to their speeding citations without specifically objecting to their separate prosecutions for DUS, they had

- 6 -

waived their right to consolidate their speeding and DUS charges pursuant to section 110(1)(ii). On appeal, this Court agreed. The Pennsylvania Supreme Court reversed, noting that all four prongs of the section 110(1)(ii)[9] test were met. *Id.* at 313. The Court stated:

> This Court . . . has rendered a number of decisions that countenance against waiver unless the defendant has taken some sort of affirmative action to separate the prosecutions pending against him. *See Commonwealth v. Stewart*, [] 425 A.2d 346 ([Pa.] 1981); *Commonwealth v. Muffley*, [] 425 A.2d 350 ([Pa.] 1981); *Commonwealth v. Holmes*, [] 391 A.2d 1015 ([Pa.] 1978). These cases strongly suggest that the burden to protect a defendant from vexatious litigation and to conserve judicial resources rests squarely on the shoulders of the Commonwealth, and thus, **it is the Commonwealth's burden, rather than the defendant's, to move for consolidated trials.**

*Id.* at 314 (emphasis added). The Court highlighted the *Stewart* case, wherein it indicated that a defendant should be said to have waived his right to a single trial "**only when he affirmatively acts to separate the prosecution of charges pending against him.**" *Id.* (emphasis added). *See Stewart*, *supra* at 349-50 (Court spoke to broader principles of placing burden of joinder on Commonwealth and finding waiver only where defendant affirmatively acts to separate prosecutions); *cf. Commonwealth v. Tarver*, 357 A.2d 539, 543 (Pa. 1976) (defendant affirmatively caused charges against

---

[9] The fourth prong of the section 110(1)(ii) test previously read: "current charges and the former charges must be within the jurisdiction of a single court." 1972, Dec. 6, P.L. 1482, No. 334, § 1, effective June 6, 1973. In 2002, the General Assembly amended section 110 and replaced the quoted language with "occurred within the same judicial district as the former prosecution." *See* 2002, June 28, P.L. 481, No. 82, § 1, effective in 60 days.

him to be separated by pleading guilty to one charge and demanding separate jury trial on other charge; it "was by [defendant's] choice, not that of the state, that two separate proceedings were had to determine his guilt or innocence in charges arising from the same criminal episode."). The *Failor* Court also outlined the policy considerations behind the compulsory joinder rule: protecting defendants from governmental harassment of being subjected to successive trials for offenses stemming from the same criminal episode, and assuring finality without unduly burdening the judicial process by repetitious litigation. *Failor*, *supra* at 313.

Here, like in *Failor* and *Stewart,* and unlike *Dawson*, Gonzalez took no affirmative actions to either separate his trials or to oppose consolidation. Rather, the Commonwealth brought the successive prosecutions against him. In light of the policy reasons underlying section 110, as well as our Supreme Court's "countenance against waiver unless the defendant has taken some sort of affirmative action to separate the prosecutions pending against him[,]" *Failor*, *supra* at 314, the burden is placed on the Commonwealth. "Mere silence by the defendant is insufficient to find that a defendant has affirmatively acted to block consolidation and therefore, waived a claim under [s]ection 110." *Id.* at 315.

As we noted above, application of the plain language of subsection 110(1)(ii) of the compulsory joinder statute to the circumstances presented here, like in *Perfetto*, makes clear that the Commonwealth was precluded from prosecuting Gonzalez for his misdemeanor charges. Gonzalez was

convicted *in absentia* of the former offenses, all of Gonzalez's offenses arose from the same criminal episode, the prosecutors knew of the current offenses when they tried the former offenses in municipal court, and the offenses occurred within the same judicial district. 18 Pa.C.S.A. § 110(1)(ii); **Perfetto**, **supra**. Although the Commonwealth argues that Gonzalez has not demonstrated that the summary adjudications and the misdemeanor and felony prosecution arose from the "same criminal episode," Commonwealth's Brief, at 9, we find that argument specious and unsupported.

However, as we read **Perfetto**, Gonzalez's felony charge would not be barred from subsequent prosecution. The **Perfetto** Court stated that Perfetto's "former prosecution for his summary offense was before a court (namely, the Philadelphia Municipal Court) that had jurisdiction to adjudicate **all of [his] charges**, albeit in the court's General Division." **Perfetto**, 207 A.3d at 823 (emphasis added). Perfetto's summary-offense prosecution occurred in the Philadelphia Municipal Court's General Division, which had jurisdiction over Perfetto's misdemeanor DUI charge. **See** 42 Pa.C.S.A. § 1123(a)(1), (2) (Philadelphia Municipal Court's criminal, subject-matter jurisdiction extends to "summary offenses," . . . and "criminal offenses by any person (other than a juvenile) for which no prison term may be imposed or which are punishable by imprisonment for a term of not more than five years[.]"). Here, Gonzalez's conviction for carrying a firearm without a license, in violation of section 6106(a) of the Uniform Firearms Act, is a third-degree felony, punishable by a maximum imprisonment term of seven (7)

years. **See** 18 Pa.C.S.A. § 6106(a); 18 Pa.C.S.A § 1103(3). Gonzalez's prosecution for carrying a firearm without a license, therefore, could not have been barred as the Municipal Court is without jurisdiction to adjudicate a felony charge. Gonzalez's former prosecution for his summary offenses was before a court (namely, the Philadelphia Municipal Court) that did not have jurisdiction to adjudicate his felony charge. **See** 42 Pa.C.S.A. § 1123(a)(1), (2); **see also Commonwealth v. Johnson**, 221 A.3d 217 (Pa. Super. 2019)[10] (applying section 112 exception to section 110 compulsory joinder rule, Court held prior prosecution in municipal court for traffic violation did not bar prosecution in court of common pleas for charge of possession of heroin with intent to deliver, despite arising from same criminal episode in same judicial district with Commonwealth's knowledge at time of prior prosecution, because municipal court's jurisdiction extended only to any crime punishable by five years' incarceration or less, and possession of heroin with intent to deliver carried maximum possible sentence of 15 years).

We, therefore, vacate Gonzalez's misdemeanor convictions of possession of a controlled substance, possession of firearm prohibited, carrying firearms in public in Philadelphia, and possession of marijuana, and affirm his felony conviction of carrying a firearm without a license. As the trial court did not impose sentence on the misdemeanor conviction for possession of controlled substances, and imposed a probationary sentence on the

---

[10] The Pennsylvania Supreme Court granted allowance of appeal in this case. **See** 2020 WL 4499079, 42 EAL 2020 (Pa. Aug. 5, 2020).

possession of firearms prohibited conviction, our disposition upsets the overall sentencing scheme. We therefore remand for resentencing on the felony conviction. *See Commonwealth v. Wilson*, 934 A.2d 1191, 1196 (2007).

Affirmed in part; vacated and remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/2/20