J-S48012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRIAN JOSEPH PRESKI | : | |
| | : | |
| Appellant | : | No. 255 MDA 2017 |

Appeal from the PCRA Order January 9, 2017
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002583-2010

BEFORE: OTT, J., STABILE, J., and PLATT[*], J.

MEMORANDUM BY OTT, J.: **FILED DECEMBER 12, 2017**

Brian Joseph Preski appeals from the order entered January 9, 2017, in the Dauphin County Court of Common Pleas denying, as untimely, his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Preski seeks relief from the judgment of sentence of 24 to 48 months' imprisonment, followed by five years' probation, and $1,000,000.00, in restitution, imposed on March 21, 2012, after Preski pled guilty to three counts of conflict of interest, two counts of theft of services, and five counts of criminal conspiracy.[2] On appeal, Preski contends: (1) the PCRA court erred in denying his petition as untimely when he alleged facts sufficient to invoke

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] *See* 65 Pa.C.S. § 1103(a), and 18 Pa.C.S. §§ 3926(a) and 903, respectively.

the newly discovered facts exception to the time bar; (2) the PCRA court erred in denying a petition for recusal when he alleged the Office of the Attorney General ("OAG") improperly influenced the judge's former law clerk; and (3) the portion of his sentence requiring him to pay restitution to the Commonwealth is illegal pursuant to **Commonwealth v. Veon**, 150 A.3d 435 (Pa. 2016). For the reasons below, we affirm in part, and reverse in part.

The facts and procedural history of this appeal are as follows. Preski was chief of staff for former Pennsylvania Speaker of the House John Perzel. In 2009, he was one of multiple defendants, including Perzel and former House Representative Brett Feese, indicted by a grand jury and charged in connection with a scandal known as "Computergate." In Feese's direct appeal, a panel of this Court described the activities that led to the charges as follows:

> 'Computergate[]' [was] a scheme in which taxpayer funds, employees, and other resources were misused for partisan campaign purposes by elected members of the Pennsylvania House of Representatives ("House"), and, in particular, by members of the House Republican Caucus ("HRC"), from 2001–2007. The misused government resources were directed toward the purchase and implementation of technological services, equipment, and data that permitted the analysis of individual voter information for use in political campaigns. Emerging mobile communication technologies designed for political campaign workers ("TelStar") were integrated with massive databases of voter data ("Blue Card") to provide campaign operatives with extensive capabilities to identify and mobilize voters for partisan get-out-the-vote operations and to facilitate direct messaging of information of interest to individual voters or particular groups of voters.
>
> … [T]he HRC used taxpayer funds to pay outside contractors to implement and provide ongoing support for these programs from 2001 until 2006. Contractors … worked in tandem with taxpayer

funded legislative employees from the Republican Information Technology Services ("RITS") to develop, implement, maintain, and integrate TelStar and Blue Card.

*Commonwealth v. Feese*, 79 A.3d 1101, 1103–1104 (Pa. Super. 2013), as corrected (Jan. 16, 2014), *appeal denied*, 94 A.3d 1007 (Pa. 2014). Most of the co-defendants, including Perzel, pled guilty before trial. However, Preski, Feese, and Feese's former secretary, Jill Seaman, proceeded to trial on September 28, 2011, prosecuted by the OAG. Six days into trial, on October 5, 2011, Preski entered a guilty plea to charges of conflict of interest, theft of services, and criminal conspiracy. On March 21, 2012, he was sentenced to an aggregate term of 24 to 48 months' imprisonment, followed by five years' probation. In addition, Preski was directed to pay more than $30,000.00 in fines, and $1,000,000.00 in restitution. He did not file a direct appeal.

Rather, on October 9, 2015, Preski filed the instant PCRA petition, his first, asserting he was entitled to relief based on newly discovered facts, specifically, prosecutorial misconduct by the OAG. He claimed: (1) "multiple witness statements and other evidence containing exculpatory and impeachment evidence were improperly suppressed or destroyed by the OAG[;]" and (2) the OAG violated his right to a fair and impartial trial by "offering, assisting in the procurement of, and ultimately, providing employment to the trial court's Judicial Law Clerk during the time Preski's case was pending before the Court, while that Clerk was integrally involved in the adjudication of material issues in Preski's case." Petition Under Post Conviction Relief Act, 10/9/2015, at ¶¶ 19, 21. Thereafter, on December 4,

2015, Preski filed a motion seeking recusal of the PCRA judge (who had presided over his trial and guilty plea), and reassignment to an out-of-county judge. He alleged, *inter alia*, that the testimony of the judge would be necessary to prove his claim regarding the OAG's improper solicitation of the judge's former law clerk. **See** Motion for Recusal and for Reassignment to an Out-Of-County Judge, 12/4/2015, at ¶ 10. Preski subsequently filed a motion to compel discovery seeking the disclosure of all *ex parte* emails between the OAG prosecutors and the judges who presided over the grand jury proceedings and trial.[3] **See** Motion to Compel Discovery from the Office of the Attorney General, 12/18/2015, at ¶ 1.

On May 13, 2016, the PCRA court issued notice of its intent to dismiss the petition without first conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907. That same day, the court entered two additional orders, one denying Preski's motion seeking recusal of the PCRA judge, and the other denying Preski's motion to compel discovery. On January 9, 2017, the court dismissed Preski's petition as untimely filed. This appeal followed.[4]

---

[3] Preski's request was based upon the relationship between the OAG prosecutor, Frank Fina, and Judge Barry Feudale, who supervised the "Computergate" grand jury. In November of 2015, the Supreme Court removed Judge Feudale as a senior judge after determining he leaked confidential information from the sealed proceedings to the press. **See** Motion to Compel Discovery from the Office of then Attorney General, 12/18/2015, at ¶ 7.

[4] Preski filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), on the same day as his notice of appeal. On March 27,

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Mitchell**, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). Further, a PCRA court may dismiss a petition "without an evidentiary hearing if there are no genuine issues of material fact and the petitioner is not entitled to relief." **Id.** (citations omitted).

Here, the PCRA court concluded Preski's petition was untimely filed. **See** PCRA Court Memorandum Order (Petition), 5/13/2016, at 2-7.

> The PCRA timeliness requirement … is mandatory and jurisdictional in nature. **Commonwealth v. Taylor**, 933 A.2d 1035, 1038 (Pa. Super. 2007), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008) (citing **Commonwealth v. Murray**, 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. **Id**.

**Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S.Ct. 2695 (U.S. 2014).

A PCRA petition must be filed within one year of the date the underlying judgment becomes final. **See** 42 Pa.C.S. § 9545(b)(1). Preski's judgment of sentence was final on April 20, 2012, 30 days after he was sentenced and the time for filing a direct appeal expired. **See id.** at § 9545(b)(3); Pa.R.Crim.P.

---

2017, the PCRA court issued a Statement in Lieu of Memorandum Opinion, in which it relied upon the two memorandum orders it had previously filed on May 13, 2016, dismissing the PCRA petition and motion for recusal. **See** PCRA Court Statement in Lieu of Memorandum Opinion, 3/27/2017.

720(A)(3). Therefore, Preski had until April 20, 2013, to file a timely petition, and the one before us, filed more than two years later, is patently untimely.

Nevertheless, an untimely PCRA petition may still be considered if one of the three time-for-filing exceptions applies. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). A PCRA petition alleging any of the exceptions under Section 9545(b)(1) must be filed within 60 days of when the PCRA claim could have first been brought. 42 Pa.C.S. § 9545(b)(2).

In the case *sub judice*, Preski asserts his petition meets the timeliness exception for newly discovered facts found in Section 9545(b)(1)(ii). **See** Preski's Brief at 24-32. This Court has previously explained the interplay between the newly discovered facts exception to the timeliness requirements and a substantive collateral claim of after-discovered evidence as follows:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. **Commonwealth v. Bennett**, 593 Pa. 382, 395, 930 A.2d 1264, 1271 (2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. **Commonwealth v. Carr**, 768 A.2d 1164, 1168 (Pa. Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. **Commonwealth v. Breakiron**, 566 Pa. 323, 330–31, 781 A.2d 94, 98 (2001); **Commonwealth v. Monaco**, 996 A.2d 1076, 1080 (Pa. Super.2010), *appeal denied*, 610 Pa. 607, 20 A.3d 1210 (2011). This rule is strictly enforced. **Id.** Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Marshall**, 596 Pa. 587, 596, 947 A.2d 714, 720 (2008) (emphasis in original).
>
> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered

evidence" exception. ***Bennett, supra*** at 393, 930 A.2d at 1270. "This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of 'after-discovered evidence.'" ***Id.*** Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(ii); ***Bennett, supra.*** Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(vi) (explaining that to be eligible for relief under PCRA, petitioner must plead and prove by preponderance of evidence that conviction or sentence resulted from, *inter alia,* unavailability at time of trial of exculpatory evidence that has subsequently become available and would have changed outcome of trial if it had been introduced). In other words, the "new facts" exception at:

> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence.** If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

> ***Bennett, supra*** at 395, 930 A.2d at 1272 (internal citations omitted) (emphasis in original). Thus, the "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim. ***Id.*** at 395, 930 A.2d at 1271.

***Commonwealth v. Brown***, 111 A.3d 171, 176–177 (Pa. Super. 2015) (emphasis in original), *appeal denied*, 125 A.3d 1197 (Pa. 2015). Accordingly, before we may consider whether Preski's substantive claim of after-discovered evidence merits relief,[5] we must first determine whether he has established

---

[5] To obtain relief based upon a substantive claim of after-discovered evidence, a petitioner must demonstrate the evidence:

"there were facts unknown to him and that he exercised due diligence in discovering those facts." *Id.* at 176.

The crux of Preski's underlying claim is that the OAG committed prosecutorial misconduct by concealing or destroying the witness statements and/or proffer notes, containing exculpatory and/or impeachment evidence, from 94 witnesses who testified before the investigating grand jury. *See* Petition Under Post Conviction Relief Act, 10/9/2015, at ¶¶ 19, 25. By way of background, Preski and his co-defendants knew in 2011 that the OAG, "contrary to its policy, destroyed potentially material evidence in witness interview notes before transposition into the formal record of investigation" and had filed a joint "pretrial motion to dismiss the charges due to prosecutorial misconduct." *Feese*, *supra*, 79 A.3d at 1128 (Concurring and Dissenting Statement, Fitzgerald J.).[6] The trial court later denied the motion

---

> (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

*Commonwealth v. Montalvo*, 986 A.2d 84, 109 (Pa. 2009) (quotation omitted), *cert. denied*, 562 U.S. 857 (2010).

[6] We note Preski contends his issues on appeal are closely related to those raised by Feese in a PCRA petition filed in early September 2015. *See* Preski's Brief at 11. In fact, he insists the "evidence of prosecutorial misconduct" presented in Feese's petition was "previously unknown to him," and, he attached a copy of Feese's petition to his own filing. *Id.* A panel of this Court affirmed the denial of PCRA relief to Feese in an unpublished decision filed on October 13, 2017. *See Commonwealth v. Feese*, ___ A.3d ___, 2017 WL 4570686 (Pa. Super. Oct. 13, 2017).

without conducting an evidentiary hearing. In co-defendant Feese's direct appeal, a panel of this Court found Feese's claim that the interview notes were destroyed in bad faith was speculative since "there is absolutely no evidence of record that demonstrates that evidence favorable to [Feese] was destroyed in this case that was not preserved in some form in the [record of investigation]." *Id.* at 1115.

Preski's present claim, sparked by Feese's PCRA petition filed in September of 2015, is that he recently uncovered concrete evidence that the OAG deliberately failed to include exculpatory statements by some of these witnesses in its record of investigation. He purportedly attached to his petition a verified statement by his attorney, detailing a telephone conversation the attorney had with Lori Lochetto on September 30, 2015.[7] Lochetto was an

_____

[7] We note Preski averred that he attached a copy of counsel's certification of the Lochetto statement to his PCRA petition as Exhibit "C." *See* Petition Under Post Conviction Relief Act, 10/9/2015, at ¶ 34. Moreover, the PCRA court indicated in its opinion that Preski "did attach" counsel's certification regarding the Lochetto interview to his petition as Exhibit "C." PCRA Court Memorandum Order (Petition), 5/13/2016. Nevertheless, the certified record transmitted to this Court does not include this attachment. Furthermore, when a clerk from our Middle District Prothontary's office requested the missing document from the Dauphin County Clerk of Court's Office, she was informed this item was not attached to the PCRA petition and not docketed in its office.

We recognize it is the appellant's burden to ensure all documents necessary for our review are included in the certified record, and generally "[a]n items does not become part of the certified record by copying it as part of the reproduced record." *Commonwealth v. Pries*, 861 A.2d 951, 952 n.2 (Pa. Super. 2004), *appeal denied*, 882 A.2d 478 (Pa. 2005). Nevertheless, because both Preski and the PCRA court agree the certification was attached

administrative assistant for both Preski and Perzel, and a witness in the grand jury proceedings. According to counsel's certification, (1) Lochetto repeatedly told the OAG investigators that Preski did not engage in any improper conduct; (2) the investigators were "frequently abusive, hostile and rude" towards her; (3) the OAG did not ask her about any of her exculpatory statements during her grand jury testimony; and (4) "one or more OAG investigators took extensive hand-written notes of her interviews." Lochetto Certification, 10/8/2015, at 1-2. Preski insists Lochetto's witness statement "identifies new facts," in particular, that the OAG either destroyed or concealed exculpatory statements she made to the investigators. Preski's Brief at 28.

The PCRA court rejected Preski's claim for three reasons. First, it found counsel's "certification" of Lochetto's proposed testimony was insufficient to verify her statement. *See* PCRA Court Memorandum Order (Petition), 5/13/2016, at 6. However, we agree with Preski that counsel's certification of Lochetto's proposed testimony, based upon his telephone conversation with Lochetto, was sufficient to satisfy the certification requirement of 42 Pa.C.S. § 9545(d)(1),[8] which would justify an evidentiary hearing. *See*

_____

to the petition at some point, for purposes of our disposition, we will rely on the document as it appears in the reproduced record. *See id.*

[8] The statute provides, in relevant part:

> Where a petitioner requests an evidentiary hearing, the petition shall include a signed certification as to each intended witness stating the witness's name, address, date of birth and substance

- 10 -

*Commonwealth v. Pander*, 100 A.3d 626, 642 (Pa. Super. 2014) ("Simply put, the certification requirement can be met by an attorney or *pro se* petitioner certifying what the witness will testify regarding."), *appeal denied*, 109 A.3d 679 (Pa. 2015).

Second, the court determined the issue concerning the OAG's destruction of witness statements/proffer notes, was litigated and rejected in co-defendant Feese's direct appeal. **See** PCRA Court Memorandum Order (Petition), 5/13/2016, at 6. Again, we agree with Preski that this basis for the court's denial of his claim was in error. **See** Preski's Brief at 31-32. As noted *supra*, the **Feese** Court denied relief on this claim because it was "too speculative," explaining "there is absolutely no evidence of record that demonstrates that evidence favorable to [Feese] was destroyed in this case that was not preserved in some form in the [record of investigation]." **Feese**, **supra**, 79 A.3d at 1114-1115. Here, Preski has obtained a statement from a witness, which purportedly substantiates his claim that evidence favorable to the defendants was concealed or destroyed by the OAG. Accordingly, this issue is no longer "speculative" as the **Feese** Court determined.

_____

of testimony and shall include any documents material to that witness's testimony. Failure to substantially comply with the requirements of this paragraph shall render the proposed witness's testimony inadmissible.

42 Pa.C.S. § 9545(d)(1).

However, the PCRA court provided a third basis for its denial of relief, namely, that Preski failed to establish he acted with due diligence. *See* PCRA Court Memorandum Order (Petition), 5/13/2016, at 7. The court opined:

> [Preski] fails to demonstrate that he did not know facts upon which he based his petition and makes no attempt to explain why he could not have learned of the new fact(s) earlier with the exercise of due diligence. For example, [Preski's] counsel attached a phone conversation he had with Ms. Lochetto, yet this Court does not see how [Preski] was unable to, *through his exercise of due diligence*, complete that phone call within the one-year requirement. [Preski] did not file the instant PCRA Petition until nearly two and [one-]half years after the date his judgment became final and now seeks to satisfy the 60 day newly discovered facts exception.

*Id.* at 7 (emphasis in original).

We agree with the court's third basis for the denial of PCRA relief. Preski has failed to demonstrate he exercised any due diligence in uncovering this purported prosecutorial misconduct prior to obtaining a copy of Feese's PCRA petition in September 2015. Rather, he maintains the PCRA court should have considered the OAG's deliberate concealment of Lochetto's exculpatory statements in determining whether he acted with reasonable diligence in uncovering these new facts. Preski's Brief at 30. Preski states:

> Having pled guilty and sitting in a prison cell, most likely contemplating nothing other than his release, "reasonable diligence" did not require Preski to begin mining thousands of pages of transcripts and documents searching for evidence of prosecutorial misconduct. Should Preski have found the contact information for all 183 Grand Jury witnesses and, with a prison phone card, begun working his way through the list, asking each who answered where Fina had extracted false testimony through threats of prosecution and long prison terms?

*Id.* at 29-30.

Preski's excuse falls flat for several reasons. First, Preski provides no authority for his proposition that his incarceration excused his obligation to exercise due diligence in uncovering potentially exculpatory evidence. Indeed, no such exception exists. Second, Preski's implication that he had no basis to question Ms. Lochetto before receiving Feese's petition is specious. Preski and Feese filed a joint motion before trial seeking dismissal of the charges based on this same claim of prosecutorial misconduct. **See Feese**, **supra**, 79 A.3d at 1128 (Concurring and Dissenting Statement by Fitzgerald, J.). Although Preski did not have Lochetto's statement at that time, certainly, he suspected that questioning some of the grand jury witnesses might yield facts supporting his claim. Moreover, Lochetto was not simply one of "183 Grand Jury witnesses" he could have contacted. Preski's Brief at 29. She was not a stranger, but rather, his former administrative assistant, a witness whom he should have been able to easily contact, and who would have had direct knowledge as to whether or not he engaged in improper conduct. Preski provides no excuse as to why he failed to contact her earlier concerning her statements to the OAG investigators.

As this Court made clear in **Brown**, **supra**, it was Preski's burden to establish both "there were facts unknown to him and that he exercised due diligence in discovering those facts." **Brown**, **supra**, 111 A.3d at 176. Because Preski failed to demonstrate he exercised due diligence in discovering Lochetto's statement, we agree with the conclusion of the PCRA court that he

has failed to meet the "newly discovered facts" exception to the timing requirements.

Next, Preski contends the PCRA court erred in denying his recusal request without first conducting a hearing or permitting discovery. *See* Preski's Brief at 32. This request was based upon Preski's claim that the OAG, and in particular prosecutor, Frank Fina, recruited the court's law clerk during the trial for an employment position the clerk was not qualified to hold, in an attempt to improperly influence the proceedings. *See id.* at 34-35. He maintains that while his "evidence of a corrupted trial is circumstantial, the evidence of Fina's personal involvement in and facilitation of [Clark] Madden's employment is direct and to date undisputed." *Id.* at 33. Moreover, Preski alleges he first learned of this issue when he reviewed Feese's PCRA petition in September of 2015. *See id.* at 35.

When considering a ruling on a recusal request, we must bear in mind:

Our standard of review of a trial court's determination not to recuse from hearing a case is exceptionally deferential. We recognize that our trial judges are "honorable, fair and competent," and although we employ an abuse of discretion standard, we do so recognizing that the judge himself is best qualified to gauge his ability to preside impartially.

The party who asserts that a trial judge should recuse bears the burden of setting forth specific evidence of bias, prejudice, or unfairness. "Furthermore, a decision by the trial court against whom the plea of prejudice is made will not be disturbed absent an abuse of discretion."

*Commonwealth v. Postie*, 110 A.3d 1034, 1037 (Pa. Super. 2015) (citation omitted).

- 14 -

In denying Preski's recusal request in the present case, the PCRA court opined:

Upon review of the pleadings, [Preski] has failed to show this Court how he believes he will suffer bias, prejudice or unfairness in the consideration of his PCRA Petition by this Court. Additionally, although the PCRA Petition goes on at length about how he believes that this Court's former law clerk was involved in potentially improper deeds which impacted [Preski's] due process rights to a fair and impartial tribunal, he was not immediately concerned about any potential bias as the instant Motion was not filed until four (4) years from the date of his guilty plea.

This Court fails to grasp what specific factors [Preski] believes impair this Court's ability to be impartial other than the mere claim that a former law clerk applied for and was offered a job with the Office of Attorney General. According to the averments in [Preski's] Motion for Recusal, on October 6, 2011, [he] pled guilty and on October 26, 2011, the Human Resources Department again asked the former law clerk to complete his application's job history section. Only on October 28, 2011, twenty-two days after [Preski] pled guilty … did the Human Resources department advise lead prosecutor Frank Fina that this Court's former law clerk's name had been added to the list of candidates for a position at OAG. Further, [Preski] has not pointed to a single act or occurrence whereby the application process involving a former law clerk and any allegations he is making in connection thereto, without more, amounts to such discernible bias that recusal is necessary. As such, we conclude that [Preski] has not satisfied his burden of showing bias, prejudice or unfairness that rise[s] to such a significant level to warrant recusal to sustain his motion.

PCRA Court Memorandum Order (Recusal), 5/13/2016, at 2-3 (emphasis in original and footnotes omitted). Moreover, the PCRA court also stated it was "unable to discern how [its] former law clerk taking a position with the OAG 'compelled' [Preski] to enter a guilty plea that was voluntary, knowing, and intelligent." *Id.* at 6.

- 15 -

Preski maintains, however, recusal of the PCRA court, President Judge Richard A. Lewis, was necessary to prove his claim of improper influence. He argues:

> To prove (or disprove) his charges of a corrupt proceeding, Preski requires evidence establishing both the full extent of *ex parte* contacts between Fina (or the OAG) and Madden, and Madden's influence on Judge Lewis' decisions. With respect to the latter particularly, Judge Lewis cannot both provide the facts and decide the facts – and only Judge Lewis knows the facts. That is what requires his recusal from this PCRA proceeding.

Preski's Brief at 33.

Again, we discern no abuse of discretion on the part of the PCRA court. First, we find Preski's desire to question the trial judge as nothing more than a "fishing expedition." ***Commonwealth v. Grove***, ____ A.3d ____, ____, 2017 PA Super 286, *16 (Pa. Super. Aug. 31, 2017) ("[A]n evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim") (quotation omitted). Based solely on the decision of the judge's law clerk to apply for a position in the OAG during the same time as his trial was proceeding, Preski assumes the OAG improperly influenced the trial, and his subsequent decision to plead guilty, through its recruiting and hiring of the clerk. However, the "evidence" of the OAG's recruitment of Madden is slim. Rather, Preski's accusations focus on Fina's ranking opinion of Madden as the "'most qualified' candidate on this list, despite obvious deficiencies in Madden's qualifications for the position. ***See*** Preski's Brief at 15. However, Fina's high ranking of Madden as a potential job candidate and Madden's subsequent hiring occurred the month after Preski

entered his plea. *See id.* More importantly, Preski fails to identify any specific instance in which Madden may have improperly influenced Judge Lewis, which, in turn, caused Preski to enter a guilty plea. Accordingly, no relief is warranted on this claim.

Lastly, Preski insists the restitution portion of his sentence is illegal because the Pennsylvania Supreme Court has held the Commonwealth is not a "person" entitled to restitution under the Pennsylvania Crimes Code. *See* Preski's Brief at 37-39. *See also* 18 Pa.C.S. §1106; *Commonwealth v. Veon*, 150 A.3d 435 (Pa. 2016). We agree.

Preliminarily, we note that we may consider Preski's challenge to the trial court's authority to impose restitution outside the context of his untimely PCRA petition. Indeed, this Court has recognized that the restitution statute, particularly Section 1106(c)(3), permits "a defendant to seek a modification or amendment of the restitution order **at any time** directly from the trial court." *Commonwealth v. Stradley*, 50 A.3d 769 (Pa. Super. 2012) (emphasis supplied) (finding defendant's motion to vacate restitution order filed 14 months after sentencing following guilty plea was not untimely motion to modify sentence, and trial court had jurisdiction to address claim). *See also* 18 Pa.C.S. § 1106(c)(3) ("The court may, at any time … alter or amend any order of restitution made pursuant to paragraph (2), provided however, that the court states its reasons and conclusion as a matter or record for any charge or amendment to any previous order."). Accordingly, we have held "the statute creates an independent cause of action for a defendant to seek a

- 17 -

modification of an existing restitution order." ***Commonwealth v. Gentry***, 101 A.3d 813 (Pa. Super. 2014). Therefore, the untimeliness of Preski's petition does not preclude him for obtaining relief on this claim.[9]

The restitution statute mandates that a "court shall order full restitution … [r]egardless of the current financial resources of the defendant, so as to provide **the victim** with the fullest compensation for the loss." 18 Pa.C.S. § 1106(c)(1)(i) (emphasis supplied). In ***Veon***, ***supra***, the Pennsylvania Supreme Court held a Commonwealth agency[10] was not a victim, as defined under either the Crimes Code (18 Pa.C.S. § 1106(c)(1)(i)), or the Crime Victims Act (18 P.S. § 11.103), nor did the agency reimburse a victim or pay a third party on behalf of a victim. ***Veon***, ***supra***, 150 A.3d at 454. Accordingly, pursuant to ***Veon***, "the Commonwealth cannot be a victim eligible for restitution under 18 Pa.C.S.A. § 1106." ***Commonwealth v. Berry***, 167 A.3d 100, 110 (Pa Super. 2017).

In the present case, following the holding in ***Veon***, we agree the trial court had no authority to direct Preski to pay $1,000,000.00 in restitution to

---

[9] We also note Preski did not raise this issue in the PCRA court, so that the court did not have the opportunity to consider the legality of the restitution award in light of ***Veon***, a case that was decided after Preski's sentencing.

[10] The trial court directed Veon to pay restitution to the Pennsylvania Department of Community and Economic Development following his conviction for unlawfully diverting public resources. ***See Veon***, ***supra***, 150 A.3d at 438-441.

the Commonwealth.[11]  Accordingly, we conclude Preski is entitled to relief on this claim, and vacate the restitution portion of his sentence.

Order affirmed in part, and reversed in part.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2017

---

[11] We note a panel of this Court, in an unpublished decision, granted relief to one of Preski's original co-defendants, John Perzel, on this very claim.  **See Commonwealth v. Perzel**, ____ A.3d ____, ____, 2017 WL 1278576 (Pa. Super. 2017) (unpublished memorandum at *3).